## BRADFORD & al. vs. BUCKNAM.

To maintain an action on a promissory note it should be brought by one, or under the authority of one, having a legal interest in the note.

The payee of a note, negotiated it to a Bank and afterward failed, making an assignment of his property for the benefit of creditors. On the day the note fell due, the assignee, who was also second indorser on the note, commenced an action against the maker in the name of the payee, the property and possession of the note at the time, being in the Bank, to whom he subsequently, and before trial, paid the amount due and took up the note. *Held*, that the action could not be maintained.

This was an action of *assumpsit* on a promissory note of hand, and was submitted for the opinion of the Court upon the following agreed statement of facts.

The action was brought in the name of the payees for the benefit of their creditors on the day that the note fell due, to wit, *June 24th;* but prior to this, it had been negotiated by them to to the Maine Bank in the regular course of business and its amount received. At the time the suit was brought by direction of the assignees of the plaintiffs, who had failed in business, the note was in the Bank, where it remained until the 8th of *July* following, when it was paid and taken up by *Asa Hanson* who was second indorser thereon, and one of the plaintiffs' assignees prosecuting this suit. A nonsuit or default was to be entered according as the opinion of the Court should be upon these facts.

*Fessenden & Deblois,* for the defendant, contended that both the property and possession of the note at the commenc nent of the suit being in the Maine Bank no action could be brought by the plaintiffs, and cited *Mosher Exr.* v. *Allen,* 16 *Mass.* 453 ; *Bailey on Bills,* 74, 212 ; *Allen* v. *Ayer & al.* 3 *Pick.* 298.

*Smith & Bradford,* for the plaintiffs, insisted that the suit was well brought. It is sufficient if the plaintiffs acquire possession

of the note rightfully at any time prior to the rendition of judgment in the suit, or in season to give the defendant a legal discharge. *Little* v. *O'Brien,* 9 *Mass.* 427; *Marr* v. *Plummer,* 3 *Greenl.* 73; *Fisher* v. *Bradford,* 7 *Greenl.* 29.

In the last cited case the *authority* for bringing the suit is fully recognized, even without an interest. But here there is an authority *coupled with an interest,* both as it regards the real and nominal plaintiffs.

WESTON C. J. delivered the opinion of the Court.

The objection taken to the right of the plaintiff to recover, is not founded on the merits of the case. The defendant interposes the rights of a third party, which have ceased to exist, and to whom he can never be held answerable. But with every disposition to sustain the action, we are unable to discover any legal ground, which would justify it, at the time it was brought. It should be authorized by a party, having a legal interest in the note. Such party, upon a negotiable note, with a blank indorsement, may sue in his own name, or in the name of any other person, with his consent. And it has been holden, that it will be sufficient, if such consent be subsequently obtained.· *Marr* v. *Plummer,* 3 *Greenl.* 73. There the agent of the holder and owner of the note, who was the payee and had indorsed it, ordered the suit to be brought in the name of her son, who though ignorant of it at the time, afterwards approved of what was done.

In *Fisher* v. *Bradford,* 7 *Greenl.* 28, *Rice,* who was payee and indorser of a note, agreed that it should be regarded as the property of the plaintiff, and it was holden that he had a right to sustain the action, notwithstanding the note had then been pledged by *Rice* to a third party, the pledge having been redeemed, and the note procured before trial. In each of these cases the suit was ordered by the party, who was the general owner of the note. It was otherwise here. The plaintiffs had negotiated the note, for a full consideration, and had thereby ceased to have any interest in it, or control over it. *Mosher* v. *Allen,* 16 *Mass.* 453. And they acquired no title to it, until a subsequent period. The suit was not brought by the Maine Bank, the holders of the note, or by their privity or consent, or by any person acting for them,

or in their behalf. Upon these facts, the action being prematurely brought, cannot be supported.

*Plaintiff's nonsuit.*