## IVEY ET AL V. DRAKE.

1. PLEADING AND PRACTICE: *Equitable defenses to an action at law.*

   To an action by Drake against Ivey and Ferguson upon a note executed by them to Winfrey and assigned by him to Drake, they answered in several paragraphs: 1. That Winfrey had notified them that the assignment was procured by fraud, and the consideration for it had failed; and alleged that since the institution of the suit a decree had been obtained by Winfrey enjoining Drake from collecting the note, and ordering him to deliver it up to Winfrey; and prayed that Winfrey be made a defendant and assert his rights or be barred.  2. That the note was given by Ivey to Winfrey for lands conveyed by him to Ivey with covenants of seizin in fee, good right to convey and freedom from incumbrance, which had been broken (showing how) before the maturity and assignment of the note; and that Winfrey was a non-resident and insolvent; and they offered to rescind the sale, and pay rents for the lands during Ivey's possession.  3. That they were compelled to pay —— dollars to release the land from a tax sale, and for taxes accrued since the forfeiture and before the sale to Ivey, and that there was a lien on the land for purchase money due from Winfrey to his vendor, which he had promised to discharge and had received money from Ivey to do so, but had failed to apply it; and they asked a credit for the amount paid to redeem from the tax sale, and to discharge the lien, and for taxes.  *Held:* That the facts stated, though sufficient for relief in equity, constituted no defense at law; not even for the credits claimed,—for want of an averment that the plaintiff had received the note without any consideration, or with notice of the equities. That the answer should have been made a cross-bill and the cause transferred to the equity docket.

2. DEFENSES: *Plaintiff's title transferred during the suit.*

   That the plaintiff's title and interest in the note sued on has been transferred since the commencement of the suit, is no defense at *law* to the action.

3. PRACTICE: *Change of plaintiff during the suit.*

   When the plaintiff's title and interest in the note sued on has been assigned to another during the suit, the court may in its discretion, substitute the assignee as plaintiff in the suit, or continue it in the original name.

Ivey et al. v. Drake.

4. SAME: *When court should transfer cause to equity docket.*

   When an equitable answer to an action at law asks relief and contains ex-
      pressions indicating an intention that it be considered according to the
      course of proceedings in equity the court should treat it as a cross-
      bill and transfer the cause to the equity docket.

APPEAL from *Arkansas* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*L. A. Pindall*, for appellants Ivey and Ferguson.

*Gibson & Pennell* for appellant Winfrey:

Total failure of title good defense. 30 *Ark.*, 536; 12 *Ark.*,
709. Unconditional offer to return equal to rescision.
Statute does not run against Shannon. 1 *Otto*, 119.

Court erred in sustaining demurrer to second paragraph
of amended answer. 2 *Danl. Ch. Pr., 4 ed., p.* 1571; *Gantt's
Digest, sec.* 4481; also in sustaining demurrer to the petition
and bill of interpleader. *Gantt's Digest, sec.* 4482; and in
dismissing second bill of interpleader. *Ib., secs.* 4481–2.

EAKIN, J. Drake sued Ivey and Ferguson, at law, as the
makers of a promissory note to John T. Winfrey, for
$2,271.66, dated the thirtieth of November, 1871, and due
at twelve months, with interest at 8 per cent. from matur-
ity, which note was, by said Winfrey, assigned to plaintiff,
and was credited on the tenth of May, 1873, with $340.
The complaint was filed on the twenty-second of Decem-
ber, 1873.

They answered jointly, admitting the execution and as-
signment of the note, as alleged, but saying, in several
paragraphs:

1. That plaintiff took the note as part consideration for
the sale to Winfrey, by him, of certain lands in Desha
county, and that Winfrey had notified them that the title

to said lands was in litigation in the Desha circuit court, in a chancery suit, wherein plaintiff and Sallie Buck were complainants against D. W. Randolph, and that upon the determination of said suit they were warned by Winfrey that the consideration of the assignment had failed, and that the same had been obtained by fraud, and that Winfrey had begun a suit in equity at Memphis, Tennessee, where plaintiff resides, to have the note redelivered, and that plaintiff, by said court, had been enjoined from proceeding with the collection of this note, with others, and that Winfrey had warned them that he would hold them liable to him for the amount; concluding with a prayer that Winfrey be made a party defendant to this suit, and set up his rights or be forever barred.

2. They say the note was given by Ivey to Winfrey, in the sale of certain lands to him by Winfrey; and in consideration of covenants in Winfrey's deed, of seizin in fee simple, of good right to convey, and of freedom from incumbrances; when he was not so seized, had no right to convey, and when the land was incumbered; the same having been then forfeited to the state for taxes. Further, that Winfrey is a non-resident of the state, and has no property to answer in damages for breach of the covenants. They offer to rescind the contract, pay rent for the land during Ivey's possession, as the court may find proper, and relinquish all improvements, which are alleged to amount to a thousand dollars in value. They further say that the subject-matter of the defense occurred before the maturity of the note or its transfer to plaintiff.

3. They say that they have been compelled to pay —— dollars to release said land from tax sale, for taxes accrued subsequent to the forfeiture, and before the sale to Ivey; and further, that they were informed by Winfrey that there was a lien on said land, due one Shannon, for unpaid

purchase money on a former sale by him to Winfrey, for another —— sum of dollars, which Winfrey promised to release, and received a cash payment for the purpose, and failed to apply. They ask a credit for the sum so paid to discharge the lien and taxes, amounting to $1,000, and repeat the charge of non-residence, etc., adding that the matters accrued before the maturity of the note or its assignment.

There was no motion to transfer the cause to the equity docket, nor any prayer for positive relief against plaintiff, by any cross-bill. Nevertheless, the plaintiff filed a demurrer and reply. The demurrer was to so much of the answer, as set up the warning from Winfrey that the title to the Desha lands was in litigation, and that the assignment had been obtained by fraud.

With regard to the alleged injunction, he replied that it had been vacated. He denied that the lands for which the note had been given, had been forfeited for taxes, or that there was any valid outstanding title. With regard to the offer to cancel the sale made to Winfrey, by defendants, he says they once made to him a similar offer, which he accepted, and defendants refused to carry it out, and that now he declines to deal with them otherwise than as the court may direct. He claims that he is an innocent holder of the note for valuable consideration, in due course of trade, and without notice of any equities against them; and, in addition, says that before his purchase of the note, defendant, Ferguson, told him it was valid, and it would be paid, and that he purchased it on that assurance. This reply is accompanied by an exhibit of the record of the Memphis chancery court, showing the interlocutory injunction in question, and that it had been so modified as to allow plaintiff to collect the note in question.

The demurrer to the answer was sustained, whereupon

defendants filed an amended answer, repeating substantially, but with more particularity, the several matters of the first, and stating in addition that, since the last continuance, by adjudication of the Tennessee court, the contract between plaintiff and Winfrey had been canceled, and the plaintiff had been ordered to give up to Winfrey the note sued upon. The answer then proceeds to claim that defendants are mere stakeholders of the amount due on the note, and they make this part of their answer a bill of interpleader against plaintiff and Winfrey, to bring them in to litigate their respective rights to the fund, and ask, that meanwhile plaintiff be enjoined from prosecuting his suit.

The next paragraph claims a credit for divers sums, laid out and expended by defendant, Ivey, for Winfrey's use, before the assignment of the note by him to plaintiff.

This answer was also met by demurrer, which was sustained as to all matters except the set-off claimed; as to that it was overruled.

Afterwards, Winfrey himself, by his attorneys, came in, and represented that he was the true owner of the note, and the only one authorized to collect it. He asked to be allowed to interplead and set up his rights. He showed by transcript, the decree in the Memphis chancery court, rendered in July, 1875, by which the contract between himself and the plaintiff, in this case, had been annulled, and by which the plaintiff had been ordered, amongst other things, to give back to him this note, if in his possession, or that if he had transferred or collected it he should be charged with it in an account, which was then ordered; a part of the duty imposed on the Master being to ascertain whether or not plaintiff had collected the note, or had it in possession. The note was, by the decree, to be delivered to the clerk and Master, and through him to Winfrey, and when

the plaintiff here should have redelivered the note to Winfrey, or accounted for any balance reported against him, the decree provided that he should be reinvested with the lands conveyed by him to Winfrey. The record showed that Drake (the defendant there and plaintiff here) prayed an appeal to the supreme court of Tennessee, and was allowed thirty days in which to give bond.

Upon this showing, Winfrey asked to be allowed to interplead in this cause, and set up his right to the note sued on, together with others in like condition assigned at the same time, and executed by the same parties, and for time to file his complaint against Drake, Ivey and Ferguson for a foreclosure of the vendor's lien on the lands sold by him to Ivey, and for permission to move to transfer the cause to the equity docket.

Plaintiff moved to strike from the docket Winfrey's motion, because it did not show in him any legal or equitable interest in the suit, and because it did not appear that he was a necessary defendant. This was overruled, whereupon plaintiff demurred to the petition, for want of sufficient facts, which demurrer was sustained.

It then appears that, "by leave first had and obtained," Winfrey filed an interplea, in which he alleges that the consideration for his assignment of the note to Drake had wholly failed, and was without any consideration whatever. He reiterates the substance of the decree of the Memphis chancery court, stating, however, that it decreed the *title and possession* of said note to be *reinvested* in said Winfrey, and that he was the sole and true owner of said note, and alone authorized to collect it. He asked that he be substituted as plaintiff in the suit, and that the plaintiff and defendant be required to answer him; that Drake be adjudged to have no title to the note, and that judgment be

rendered in his own favor against the defendants upon the note.

Upon hearing, this interplea was dismissed, and the court declared that the only issue of fact remaining was as to the set-off for taxes and other moneys paid by defendants. These were confessed by plaintiff, and judgment thereupon was rendered in his favor for the balance, being $2,301.24, to bear interest at eight per cent. The record states the defendants, Ivey and Ferguson, and the interpleader, Winfrey, excepted, and that the defendants prayed an appeal, which was granted. An appeal was afterwards granted by the clerk of this court to the same parties, and Winfrey also.

## OPINION.

1. PLEADING AND PRACTICE: Equitable defenses to an action at law.

Neither of the answers set up any good defense cognizable at law—not even for the set-off—for want of any substantial averment that the plaintiff had received the note without any consideration, or with notice of the equities. That the property in the note and the right to the proceeds had, during the litigation, been transferred to Winfrey, was not a ground of defense at law. Although the court, in its discretion, might allow the name of the person to whom the plaintiff's right had been tranferred to be substituted as plaintiff, with proper orders as to security for costs (*Gantt's Digest, sec. 4471*), it is not such a matter of right as to enable the defendant to set it up in bar of further proceedings, by way of plea *puis darien continuance.* The suit may be continued in the original name.

2. Transfer of plaintiff's title *pendente lite* no defense at law.

3. PRACTICE Change of plaintiffs during the suit.

There was no motion by any of the original parties, or any party properly brought in, to transfer the cause to the equity docket, nor order made that it should proceed and be tried as in equity. If we, throughout, confine our views to such proceedings as would have been proper in

Ivey et al. v. Drake.

an action at law, without any regard to the equity powers of the court, as the honorable circuit judge seems to have done, we could find no error in the proceedings detrimental to the defendants. The allowance of the set off was by plaintiff's consent, and he does not appeal.

The answer, however, presents all the essential features, and has some of the expressions appropriate to a cross-bill for relief against both Winfrey and his assignee, the plaintiff. It reveals, if true, such breaches by Winfrey of the covenants of his deed to defendant, Ivey, for which the note was given, as would have entitled the defendants, as against him, to an abatement of the price, in whole or in part, to the extent of the damages; and to have the purchase money applied in discharge of outstanding incumbrances— the proper parties being brought in for the purpose if found necessary. It shows, further, that Winfrey was a non-resident of the state, with no property here out of which defendants could be indemnified by suit upon the covenants. It went further still, and showed that, in equity, the plaintiff was not entitled to be protected in any right to collect the note as an innocent purchaser, because, whatever may have been his position when the suit commenced, all right to the proceeds had, by a court of competent jurisdiction, and in a case in which he was a party, been divested from him, and revested in Winfrey, who stood naked to this defense. Full faith and credit must be given here to the judicial proceedings of a court in Tennessee. Its efficacy in regard to transfers of property between litigants, over which and whom it has jurisdiction, must be respected everywhere.

If this answer had been treated as a cross-bill, it would have devolved upon both Drake, the plaintiff, and Winfrey, to have answered it, as Drake attempted by way of reply, which was utterly inadmissible at law. Each party

might have set up his own rights by answer, have traversed the allegations of the cross-bill, or had any other party necessary to the full determination of the exact equities of each, and his protection against future actions. A Chancellor, with all parties before him, could well analyze and discriminate all their rights, and enforce them by proper orders, imposing all conditions necessary to avoid future litigation, which decree the court of Tennessee would, in its turn, respect also. In this manner, the subsequent confusion of this case, the narrow ground upon which it was determined, and the complication of rights, still left as a fruitful source of future litigation, would all have been avoided. Winfrey, by appearing to answer the cross-bill, would have all the standing in court to which he was entitled, or which he needed.

5. ———: When the court should transfer cause to the equity docket. There are many expressions in the answer indicating an intention that it should be considered according to the course of equity proceedings. Such was the right of defendants, when, as it seems. in this case, all valid defenses were of a nature exclusively cognizable in equity. The circuit judge doubtless considered it his duty to await a motion to transfer the cause to the equity side of the court, or, in default of that, to treat the answer as at law. Perhaps that is the better general practice, and it accords with the directions of the Code. But we think, in this case, he should have considered such a motion embraced in the expressions and prayer of the answer, and treated it as a cross-bill in equity, making appropriate orders as to the transfer on the docket, and the bringing in of Winfrey. The judgment, as it stands now, does not settle the litigation with regard to the subject-matter. It is obvious that defendants, if forced to pay, might recover damages, upon a proper showing, on Winfrey's covenants, and he,

on his part, is left free to maintain any proceeding against the plaintiff based on his true ownership of the note.

For this error, it is better for the purposes of justice that the cause be remanded and opened, that the answer be treated as a cross-bill, with such amendment as may be deemed reasonable, and that Drake and Miller be required to answer, and that the cause may be transferred to the equity docket and proceed according to the course of equity. We express no opinion as to the facts. The Chancellor will determine as to them on final hearing.

Reverse the judgment, and remand the cause for further proceedings, as herein indicated, in accordance with law and the practice in equity.