HORTON VS GILL, JUDGE.

Opinion delivered October 19, 1904.

1. *Mandamus—Not Granted to Compel Transfer from Law to Equity Docket.*

The remedy for the refusal of a court to transfer a cause from the law to the equity docket is by appeal, and mandamus will not lie to

compel such transfer.

TOWNSEND, J., Dissenting.

Original petition by H. B. Horton for mandamus to Joseph A. Gill, Judge of the United States Court for the Northern District of Indian Territory. Denied.

*John B. Turner,* for petitioner.

*James S. Davenport,* for respondent.

CLAYTON, J. This is an original petition filed in this court by H. B. Horton, praying that a writ of alternative mandamus issue, commanding the Honorable Joseph A. Gill, as judge of the United States Court for the Northern District of the Indian Territory to appear and show cause why a certain cause, entitled "E. B. Frayser vs H. B. Horton," pending on the law docket in the United States Court at Vinita, in the Northern District of the Indian Territory, should not be transferred to the equity docket of that court.

The facts are that the said Frayser brought his action at law of unlawful detainer in that court against the petitioner, Horton. To the complaint the petitioner, who was the defendant in that suit, filed his answer, in which he set up what he claims to be an equitable defense, and filed his motion to transfer the cause to the equity side of the docket. The court heard the motion, and overruled it, to which exceptions were duly saved. The hearing of the cause was continued to the next term of the court, and this petition was filed here to compel the transfer aforesaid.

Mandamus cannot be used for the purpose of correcting the errors of a court arising during the progress of the proceedings,

any more than it can be used to correct the judgment at the end of the trial. These are all matters for review on appeal or writ of error. Mandamus may be used to compel the judge to act, but cannot, in any wise, control his judgment, either on matters finally submitted to the court or those which collaterally arise during the proceedings. Ex parte Whitney, 13 Pet. (38 U. S.) 404, 10 L. Ed. 221. Here the court heard the motion, and after consideration entered its judgment upon it. The petitioner saved his exceptions. If the court erred, his remedy is by appeal, and not by mandamus.

The petition, therefore, is dismissed.

RAYMOND, C. J., concurs.

TOWNSEND, J. (dissenting). The majority of the court has declined to exercise the discretion of awarding the writ applied for in this case, and, not being able to arrive at the conclusion by the court stated, I shall briefly state my views.

That this court has the general superintending control over all inferior courts of law and equity, as fully as the Supreme Court of Arkansas, see section 11 of the act of Congress approved March 1, 1895 (chapter 145, 28 Stat. 698): "That the judges of said court shall constitute a court of appeals, to be presided over by the judge oldest in commission as chief justice of said court; and said court shall have such jurisdiction and powers in said · Indian Territory, and such general superintending control over the courts thereof as is conferred upon the Supreme Court of Arkansas over the courts thereof by the laws of said state, as provided by chapter forty of Mansfield's Digest of the Laws of .Arkansas, and the provisions of said chapter, so far as they relate to the jurisdiction and powers of said Supreme Court of Arkansas as to appeals and writs of error, and as to the trial and decision of

causes, so far as they are applicable, shall be and they are hereby extended over and put in force in the Indian Territory." In 35 Ark. 298 (McCreary, Ad., vs J. H. Rogers, Judge), the court says: "This court has the general superintending control over all inferior courts of law or equity, in aid of which it can issue, hear, and determine writs of mandamus; and this writ may always issue, in the sound legal discretion of the court, whenever the failure or refusal of the inferior tribunal to act is a matter in which its duty to do so is plain, may deprive or bar any one of a legal or equitable right. It will not be used to determine the judicial discretion of an inferior judge, but will, in all proper cases, compel him to exercise it; and in cases where he has no discretion, but a particular duty, will compel him to perform it." In section 4929, Mansf. Dig. (Ind. Ter. St. 1899, § 3134), it is provided: "Where the action has been properly commenced by proceedings at law, either party shall have the right by motion, to have any issue which was heretofore exclusively cognizable in chancery, tried in the manner hereinafter prescribed in cases of equitable proceedings; and if all the issues are such as heretofore were cognizable in chancery, though none were exclusively so, the defendant shall have the right to have them all tried as in cases of proceedings in equity." That the defendant's answer and cross-complaint set up equitable defenses is apparent from an inspection of the same, and they are not such issues as can be tried and determined in an action at law. Ivey et al vs Drake, 36 Ark. 228, was also a case in which "the facts stated, though sufficient for relief in equity, constituted no defense at law." In that case the court (page 236) said: "There are many expressions in the answer indicating an intention that it should be considered according to the course of equity proceedings. Such was the right of defendants, when, as it seems in this case, all valid defenses were of a nature exclusively cognizable in equity. The circuit judge doubtless considered it his duty to await a motion to transfer the cause to the equity side of the court," etc.

"But we think in this case he should have considered such a motion embraced in the expressions and prayer of the answer, and treated it as a cross bill in equity, making appropriate orders as to the transfer on the docket."

The next question, then, to be considered is, will mandamus lie to compel an inferior court to exercise its jurisdiction when it is its plain duty to do so? Merrill on Mandamus, § 203, says: "When a court refuses to proceed and try a cause, erroneously deciding that it has no jurisdiction, it will be compelled by writ of mandamus to assume jurisdiction and proceed with the cause." It will be observed that under the statute supra it is said the "defendant shall have the right to have them all tried as in cases of proceedings in equity." The court in the case at bar refuses to take jurisdiction and proceed in equity. In Merrill on Mandamus it is further said:

"When a court for any cause improperly refuses to proceed in a cause, mandamus lies to compel action. So if, for any reason, a court refuses to act or entertain the question for its decision, and such duty is enjoined on it by law, a mandamus can be obtained to compel the court to consider the question. In such cases the court is required to proceed, but is not instructed to adopt any particular conclusion or judgment. The writ has been issued to compel a court to proceed in a cause which had been remanded to it from the federal court, which had been transferred to it from another state court; when it had stayed all proceedings till its further order; when it had refused to try the cause till other unknown persons were made parties to it, till a cause pending in another court was determined, or till the plaintiff had filed an account; and when it had continued the cause without a proper showing. By this writ it may be stated generally that a court will be required to hear and determine a cause, or, if the cause has been heard, to render a judgment or enter up a decree."

"207. When a mandamus lies to compel a court to hear a cause when it has declined to hear it by reason of an erroneous decision on some preliminary question.—When a court has refused to go into the merits of the action on an erroneous construction of some question of practice preliminary to the whole case, a mandamus will issue to compel it to go on and try the case. In fact, the erroneous decisions of a court upon preliminary questions, which induce it to decline to proceed further, may be reviewed by this writ if such questions are questions of law, and also when such questions are questions of fact, provided the general nature of the duties whose performance is sought by this writ are considered to be ministerial, and the law did not intend the decision of the lower court on such preliminary matters to be final."

State ex rel. Harris vs Laughlin, 75 Mo. 358, was an application to mandamus an inferior court and compel it to assume jurisdiction and proceed with the trial of a cause. The court said: "Of course, this court would not compel an inferior court to proceed to try a case of which it had no jurisdiction; and where an inferior court refuses to proceed and finally dispose of a case on the ground of an alleged want of jurisdiction, on application made to this court to compel such inferior courts to hear the same, it will be the duty of this court to determine whether such inferior court has jurisdiction of the cause, and such determination will be binding on the inferior court. This is established by all the authorities." In other words, if the answer and cross-complaint set forth such facts as to make the case one properly cognizable in equity, this court will so determine independent of the action of the inferior court, and compel it by mandamus to make the proper order transferring it to the proper court and compel that court by proper order to assume jurisdiction of and try the cause. High, Ex. Legal Rem. (3d Ed.) § 151, says: "A distinction is recognized between cases where it is sought by

mandamus to control the decision of the lower court upon the merits of a cause and cases where it has refused to go into the merits of the action upon the erroneous construction of some question of law or practice preliminary to final hearing; and while  *  *  *  the decision of such court upon the merits of the controversy will not be controlled by mandamus, yet if it has erroneously decided some question of law or of practice presented as a preliminary objection, and upon such erroneous construction has refused to go into the merits of the case, mandamus will lie to compel it to proceed." Id. § 250, says: "When *  *  *  the court having jurisdiction of the matter refuses to act, no sufficient reason being shown for such refusal, mandamus will lie," etc. Id. § 251, says: "The doctrine may now be regarded as well established that mandamus lies in all cases to compel an inferior court to proceed to the trial of a cause and set it in motion when it has unreasonably delayed the proceedings, or when its refusal to proceed amounts to a denial of justice. The object of the writ in this class of cases is not to compel a particular decision, but merely to set the court in motion, and to require it to exercise its undoubted jurisdiction," etc. What discretion was there to be exercised by the court in the case at bar? The statute says the defendant "shall have the right." Decisions upon the merits will not be controlled by mandamus, "yet, if it has erroneously decided some question of law or of practice presented as a preliminary objection, and upon such erroneous construction has refused to go into the merits of the case, mandamus will lie to compel it to proceed." The court has no more discretion in a case of this kind than it has in an application for a change of venue or for an appeal. In either case, where the party applying for it complied with the law, the court's act of granting and changing the venue or granting and docketing the appeal is a purely ministerial one, and in no sense judicial. In the State ex rel. Lloyd vs Clayton, 34 Mo. App. 563, the court says: "This is a proceeding by mandamus against a justice of

the peace to compel him to allow a change of venue and note the fact on his docket in a certain civil action pending before him. * * * It is admitted in the record of this case that the affidavit for a change of venue 'was in due form, and filed in due time.' We take it that the meaning of this admission is that the affidavit as to form and time of filing meets the requirements of section 2952 (Rev. St.). Now, in such case, what was the duty of the justice with respect thereto? Was he invested with any judicial discretion in the matter? Was he, notwithstanding such formal and timely application, invested with discretion beyond the superintending control of this court to allow or refuse the change of venue? The language employed is that 'the justice must allow the change of venue.' No discretion is implied''— and granted the writ. The syllabus in that case reads: "Under section * * *, where an affidavit for a change of venue in due form and due time has been filed with the justice of the peace, there is nothing for the justice to do but allow the change of venue, and note the fact on his docket, which is a plain, specific, ministerial duty, and not the least involving the exercise of judicial discretion; and mandamus is the proper remedy to compel the performance of such duty, there being no other remedy, as such action of the justice is not reviewable on appeal to the circuit court." In Merrill on Mandamus, § 46, discussing the American rule as to preliminary questions, it is said:

"In Missouri it is decided that, if an inferior tribunal declines to hear a case upon what is termed a preliminary objection, and the objection is purely a matter of law, the writ will issue if such tribunal has misconstrued the law. In fact, most of the authorities agree that, if the tribunal dismisses the case under the mistaken conclusion that it has not jurisdiction thereof, its action will be reviewed by the writ, and it will be compelled to pass on the subject. The writ was issued against the mayor of a city to compel him to sign an order against the city for the pay-

ment of money, though he was first required to 'satisfy himself that the claim was audited, that the city council had authority to appropriate money for such a claim, and that it had made the appropriation. In Louisiana, when the court refuses to go into the trial of a case upon an erroneous construction of a question of law or of practice, preliminary to the whole case, this writ will issue. In Texas it is considered to be immaterial whether the act is a preliminary one, but that the nature of the question on which the court is called to act, and the charracter of the judgment which it must render, decide the nature of the act.

"Sec. 47. In several states, whether such preliminary questions are ministerial or judicial depends upon the general nature of the duties to be performed, no matter how many questions are to be decided, or whether they involve matters of law or of fact. In Nevada the rulings are very decided. 'Whether the decision is judicial or ministerial depends upon the nature of the act to be commanded by the writ, and not upon the determination of preliminary questions. Such questions, no matter how difficult, must be determined by the officer in advance, and, if he refuses to do so, by the court, before the writ can issue. This applies whether such act is purely ministerial or judicial. Thus, before a judge settles a bill of exceptions, he must decide whether a party has a right to it, whether it is in proper form, and whether it is regularly presented. Such questions are certainly judicial; but if he errs in his conclusions, a mandamus will issue.' * * *

"Sec. 48. Summary of decisions on the subject.—The weight of authority seems to be that erroneous decisions as to preliminary questions of law may be reviewed by this writ; that erroneous decisions as to preliminary questions of fact may be reviewed, unless the general nature of the duties to be performed are considered to be judicial, or the law intended that such deci-

sion should be final. When, however, in a mandamus proceeding, the respondent admits the existence of facts, concerning the determination of which alone was any judgment or discrimination authorized on his part, his duty becomes ministerial, and the writ of mandamus will issue to compel its performance."

The motion to transfer, in my judgment, was a preliminary question, and did not involve a decision upon the merits of the case in any manner, and mandamus will lie to compel the court to perform the simple, plain, ministerial duty of transferring the cause to the equity docket, where the defense alleged was cognizable. The refusal to do so was a denial of justice.