# CHARLESTON.

## WATKINS v. ANGOTTI.

Submitted September 10, 1908.   Decided February 16, 1909.

1. DISMISSAL AND NONSUIT—*Voluntary—Codefendants—Parties Not Served.*

   Where the note sued on is joint and several, and all are sued, but only part of the defendants are served, the officer's return as to the others being, "not found," the plaintiff may, under section 2020, Code 1906, proceed to judgment as to those served, and either dismiss his action as to the others, or have a second or third summons against them; and such dismissal will not release the person served and against whom judgment is taken. Instructions to the jury to the contrary, requested by defendant, were properly refused.   (p. 195.)

2. BILLS AND NOTES—*Actions—Parties.*

   In an action on a note by an assignee thereof, which before judgment is re-assigned by him to the payee, the assignee, in whose name the suit is brought, will not by such re-assignment be divested of the title to the note, so as to prevent recovery thereon in his name, for the benefit of said payee.   (pp. 196, 197.)

3. SALES—*Implied Warranty.*

   Where the contract of sale of a definite existing chattel is in writing, specifically described, and the actual condition of which is capable of being ascertained by either party, there is no implied warranty, and an instruction to the jury propounding a contrary proposition was rightfully refused.   (p. 197.)

4. APPEAL AND ERROR—*Determination and Disposition of Cause—Correction and Affirmance.*

   On writ of error by defendant to the judgment against him below, for the specific sum found, "with interest from the date of said note," according to the verdict of the jury, and neither the date of the note, or the note itself, appears in any part of the record, except in the bill of exceptions and certificate of evidence of defendant, made up and certified within thirty days after adjournment of the term at which the judgment was entered, the error therein being less than the amount necessary to give this Court jurisdiction, the aggregate of principal and interest to the date of the judgment below will be ascertained, by reference to the date of said note shown in such bill of exceptions and certificate of evidence, and the judgment corrected, and as corrected, there being no other error found therein, it will be affirmed.   (p. 199.)

Error to Circuit Court, Marion County.

Action by Alva Watkins against Pasquella Angotti. Judgment for plaintiff, and defendant brings error.

*Judgment Corrected and Affirmed.*

HARRY SHAW, for plaintiff in error.

M. POWELL and W. H. BRANT, for defendant in error.

MILLER, PRESIDENT:

On appeal by defendant from the judgment of a justice against him, in favor of plaintiff, for one hundred and fifty dollars and twenty-five cents, the case was tried *de novo* before a jury, in the Intermediate Court of Marion county, on new pleadings in that Court, resulting in a verdict for plaintiff against defendant, for "one hundred and thirty dollars, with interest from date of said note." The motion of defendant to set aside this verdict on the ground that it "is contrary to the law and the evidence," was overruled, and judgment pronounced thereon that plaintiff recover of "Pasquale Angotti and Frank Borelli, his surety on the appeal bond, the sum of one hundred and thirty dollars ($130.00), the amount of the verdict aforesaid, with interest from date of said note, and his costs by him expended in his prosecution of this suit before the justice; and that each party pay their own costs in this Court."

An appeal from this judgment, on petition to the circuit court of Marion county, was refused, and the case is now here upon a writ of error to said order of rejection.

The action was on a note as follows: "Fairmont, W. Va., May 4th, 1905. $150.00. Four months after date, we, or either of us, promise and bind ourselves to pay to E. F. Watkins, or bearer, the sum of one hundred and fifty dollars ($150.00), value received." Signed: "P. Angotti, A. Lenci, Salvatore Guorascio." But neither the summons, the transcript of the justice, nor any complaint filed before the justice or on the trial in the intermediate court, describes the note sued on; the only reference to the note in the pleadings is in special plea No. 1, so called, filed by defendant Angotti, amounting to nothing more than a motion to dismiss because the other makers of the note were not served with process and brought in to defend the action, and in which it is said the pleader "does not owe the plaintiff

anything, otherwise than as joint maker of the note sued upon in this action." On the trial, however, the note was introduced in evidence before the jury and was made a part of the record by bill of exceptions.

The suit was brought, not by E. F. Watkins, the payee of the note, but in the name of his brother, Alva E. Watkins, to whom he claimed to have assigned it. On the trial in the intermediate court plaintiff testified that pending the suit and before trial he had reassigned the note to E. F. Watkins, and who was entitled to the recovery.

The first point of error presented, is that the trial court, should either have dismissed the action or compelled plaintiff to bring in the other joint makers, particularly the said Lenci, a resident of Marion county. This point is without merit. The note was joint and several; besides all the makers were sued, but only P. Angotti served with process, the officer's return as to the other defendants being "not found in Marion county." In such cases section 2020, Code 1906, says: "The plaintiff may proceed to judgment as to the defendants on whom the summons was served, * * * * and either dismiss his action as to the others, or have a second or third summons against them." The plaintiff chose to dismiss as to defendants not served, which he clearly had the right to do. Consequently, defendant's instructions numbered one and two, which, in effect, proposed to tell the jury that he was only liable jointly with the other makers of the note, and that plaintiff could not recover from him individually; and number seven, which proposed to tell them that the release of one joint or joint and several promisor is, generally speaking, a release of all, the latter having no possible application to the facts in the case; and number eight which proposed as a legal proposition to the jury "that when a suit is brought against two or more promisors on a joint or joint and several, promissory note, and the plaintiff dismisses his suit as to one of said promisors, this amounts to a release of the one as to whom the suit is dismissed," were all properly rejected; and plaintiff's instructions numbers one and nine, stating the law correctly and in accordance with the statute, and substantially the converse of the proposition of defendant's said instructions, were properly given the jury.

Another proposition challenged by defendant here, and covered by his counter instruction number three, refused, is plaintiff's

instruction number two, given, namely: "That if the jury believes from the evidence, that any sum is due from the defendant to plaintiff, or to plaintiff's assignee, then they should find for the plaintiff." The defendant proposed in his counter instruction to have the jury told, that "before they can find for the plaintiff * * * *, they must believe from a preponderance of the evidence that the plaintiff, Alva E. Watkins, is the *bona fide* owner in his own right of the claim sued on." Briefly stated, the defendant's position is, that in as much as plaintiff, pending the suit, had re-assigned the note sued on to E. F. Watkins, verdict and judgment could not be lawfully given in favor of the nominal plaintiff. Is this a correct proposition of law? Section 3901, Code 1906, applicable by analogy, we think, if not directly, provides that "In any stage of any case, a *scire facias* may be sued out * * * * for the assignee or beneficiary party, to show cause why the suit should not proceed in the name of him or them * * *." And it is thereby further provided that "after service of the *scire facias* * * * * if no sufficient cause be shown against it, an order shall be entered that the suit proceed according to such *scire facias* * * * *. Any such new party (except in an appellate court) may have a continuance of the case at the term at which such order is entered; and the court may allow him to plead anew and amend the pleadings as far as it deems reasonable; but in other respects the case shall proceed to final judgment or decree for or against him, in like manner as if the case had been pending for or against him before such *scire facias* or motion." Section 3452 Code 1906, gives plaintiff, as assignee, right of action in his own name, without the addition of "assignee," though by such assignment he became invested with the equitable title only. *Bentley* v. *Insurance Co.*, 40 W. Va. 729. So that the action was rightly brought by plaintiff. Was it necessary then, on re-assignment of the note, to take the steps provided by statute to substitute the name of the original payee as plaintiff? This question we think fully answered in *Bentley* v. *Insurance Co., supra,* where the question arose, in an action on an insurance policy, whether the action was rightfully brought in the name of Bentley, the assignee of Louth, the assured named in the policy before loss, Bentley having after loss, but before suit brought, re-assigned the policy to Louth. The nature of the title passing and repassing by those assignments was con-

sidered, and it was held regardless of the fact that the assignment to Bentley had been approved by the insurance company, and that the re-assignment by him to the insured had not been assented to by the company, that his assignment to Louth did not divest Bentley of the legal title, so as to prevent recovery on the policy, in his name. In the case at bar it is a significant fact that the note is made payable to E. F. Watkins *or* bearer. If the court was right in the *Bently Case,* in holding that the suit was properly maintainable on the policy in the name of Bentley, after loss, and after re-assignment to the assured, clearly the court below committed no error in allowing the suit to proceed in the name of the original plaintiff and first assignee where the re-assignment took place after suit was brought and pending.

On the trial defendant was permitted, over the objection of plaintiff, to file an account of set-offs, so called, which more properly speaking, is a notice of recoupment in damages for alleged breach of warranty of the condition of certain ice cream machinery for which the note sued on had been given in part payment.

Oral evidence thereon was admitted, as well as the contract or bill of sale in writing, transferring said property to Angotti. The plaintiff relied on the fact that the contract contained no warranty, besides denying any warranty. There was certain evidence of the cost of repairs on the machinery, offered by defendant, amounting to $32.75. As the verdict of the jury was for $20.00 less than the face of the note, some allowance must have been made for these repairs. Assuming that the issue on the alleged warranty was proper, it presented a question of fact for the jury, on conflicting oral evidence, and their verdict thereon will not be disturbed. But what the defendant specially complains of here, is the giving of plaintiff's instructions numbers five and seven, and refusing his instruction number five, relating thereto. Plaintiff's instruction number five in effect told the jury that the note sued on made a *prima facie* case for plaintiff, and that on the question of damages for breach of contract of warranty, the burden of proof was on defendant to establish the fact of such warranty, and that the damages claimed were the direct and proximate result thereof; and that the measure of such damages, if any, was the difference between the actual value of the property at the time of the purchase and the price at which

it had been so purchased; number seven told them that the written contract was the best evidence of the terms and conditions of the contract, and that oral evidence is incompetent to prove anything inconsistent with its terms, or vary, control, add to or detract from the terms thereof. Defendant's instruction number five proposed to tell the jury that the sale of the factory in question at a price largely in excess of its true value, was a circumstance which the jury might take into consideration on the question of warranty by the purchaser, and that they might also consider the price at which the factory sold at public auction, in determining its true value. We see no error in plaintiff's instructions five and seven; certainly none of which defendant can complain. They state correctly, we think, general propositions of law, applicable to the facts in the case. The contract of sale was of personal property, was in writing, and contained no warranty of the quality or condition of the machinery. Its actual condition was capable of being ascertained by defendant. The rule is that where the sale is of a definite existing chattel, specifically described, the actual condition of which is capable of being ascertained by either party, there is no implied warranty. *Hood* v. *Bloch Bros.*, 29 W. Va. 244, Syllabus point 6. The rule is different in the case of a manufacturer who undertakes to supply goods manufactured by himself, but which the vendee has had no opportunity of inspecting. This law rightfully excluded defendant's instruction number five rejected by the court.

The remaining point of error relied on is that because section 114, chapter 50, Code, provides, that "judgment shall be entered for the aggregate of amount of principal and interest so ascertained to be due," and that "every judgment shall bear interest from its date, upon such amount," the verdict of the jury and the judgment of the court thereon is invalid for uncertainty in amount. As we have said, the verdict and judgment was for $130.00, "with interest from date of said note;" and it is claimed that as neither court or jury ascertained the aggregate amount of principal and interest to date of judgment, this constitutes reversible error; that as the evidence was not a part of the record until made so by bill of exceptions filed after the adjournment of the term, the evidence can not be looked to, either by the lower court, or here on appeal, to correct the error. This state of the record presents a nice question raised by counsel, and on

which no authorities are cited. We see, however, that the alleged error in verdict and judgment is less than the amount necessary to give this Court jurisdiction to correct it; besides it is not prejudicial to defendant; and, it being the only error appearing in the record, we can not reverse the judgment on that account. If, however, it is such a clerical error as might be corrected on motion in the circuit court, if done there before affirmance here, under chapter 134, Code, or here under section six of that chapter, we may now correct the judgment and affirm it. We have several times held that errors in failing to give judgment for the aggregate of principal and interest as provided by section 114, chapter 50, Code, in justice's courts, and as provided in sections 14 and 16, chapter 131, in circuit courts, are such clerical errors as may be thus corrected. *Connor* v. *Fleshman,* 4 W. Va. 493; *Bee* v. *Burdette,* 23 W. Va. 744, 748; *Lamb* v. *Cecil,* 25 W. Va. 288; *Grocer Co.* v. *Fruit-Packing Co.,* 42 W. Va. 359-364; and on rehearing in *Triplett* v. *Lake,* 43 W. Va. 438, &c. In the case last cited the error in interest to the prejudice of appellants amounted to more than the sum necessary to give this Court jurisdiction; but it being error correctible by motion in the circuit court, and having been corrected there on motion of appellees, before final judgment on appeal here, and appellants not having moved for such correction in the circuit court, the judgment below, as corrected and certified to this Court, was affirmed here with costs to appellees. Similar practice was approved in *Gauley Coal Land Association* v. *Spies,* 61 W. Va. 19, where there was an amendment in the circuit court in the return of service of process commencing suit, and certified to this Court. In *Triplett* v. *Lake, supra,* the practice followed in *Bee* v. *Burdett* and *Lamb* v. *Cecil,* is approved, namely, that where the error complained of is less than the sum necessary to give this Court jurisdiction this Court will, if it can do so from the record, and as provided by law, correct the same, and affirm the judgment or decree.

But the plaintiff in error insists, that as said note was no part of the record, and the date of it was not made to appear in the record until bill of exceptions filed, the "mistake, miscalculation, * * * * sum, quantity or time" can not be said to be "right in any part of the record or proceedings," so as to enable the

circuit court, or this Court now, on writ of error within the meaning of sections 5 and 6 of said chapter 134, to make correction thereof; for as the note was no where described or made a part of the record, except by said bill of exceptions, the time from which interest was to run according to the verdict and judgment thereon, was not made certain so that a writ of execution could have been issued thereon, and consequently the judgment is void for uncertainty. While this argument is not without force, it must nevertheless be said that until the adjournment of the term, the court so far had the record of the evidence, including the note, before it, and within its breast, as to have enabled it to correct the judgment on motion of either party; and although, after adjournment, and before bill of exceptions, the court might not have been able to look to the note for the time from which to calculate interest and ascertain the aggregate amount for judgment on the verdict; yet having the power, after adjournment, by bill of exceptions, to make the evidence, including the note, a part of the record, and having done so on motion of defendant, the note thereby became a part of the record as of the date of the judgment, and certainly the error might thereafter, on motion of defendant, have been corrected in the circuit court; and that course not having been pursued, why may not the error now be corrected here, and the judgment affirmed? We see no good reason for not doing so. In the early case, in Virginia, of *Eubank* v. *Rall's Ex'or.*, 4 Leigh 316 (Va. Rep. Anno. 952), Judge Tucker, commenting on the effect of the statute 1819, 1 Rev. Code, ch. 128, section 108, p. 512, says: "Since this statute, then, I conceive there are two classes of errors, amendable by the same court in which the judgment is rendered: 1—all such errors as were deemed clerical, or were amendable before the act; and 2—all such mistakes even in the judgment of the court as can be amended by any verdict, bond, note, or bill, &c. in the record." We are asked in the face of this statute, and of these decisions, with the record of the note in the bill of exceptions before us, to look to that record for the purpose of reversal only, and not for the purpose of correction, as provided by the statute. Finding no other error warranting it, however, we must decline to reverse.

We find as a fact, that the principal and interest, according to the verdict of the jury, at the date of the judgment in the intermediate court, aggregate the sum of $142.02, and the judgment below will be corrected accordingly, and as corrected affirmed with costs to defendant in error.

*Judgment Corrected and Affirmed.*