J. S. ODLAND, *as Receiver, etc. v.* W. S. HAMRICK *et al.*

(No. 9578)

Submitted September 19, 1944.   Decided November 14, 1944.

*Wendell W. Hoover,* for plaintiff in error.

*L. L. Dyer, John R. Dyer, Blue, Dayton & Campbell* and *Charles M. Love, Jr.,* for defendants in error.

LOVINS, JUDGE:

This action was instituted by notice of motion for judgment against a maker and three indorsers of a promissory negotiable note. The trial court, a jury having been waived, heard the evidence, found that plaintiff did not own the note at the time the action was commenced, and that he had no property therein at the time of the trial sufficient to authorize a judgment in his favor, continued this action as to two defendants, entered a judgment of *nil 'capiat* as to the other two defendants, and adjudged that the latter recover costs. This writ of error was granted to review that judgment.

W. S. Hamrick under date of August 21, 1932, made and delivered his note payable to the order of The First National Bank of Webster Springs in the sum of one thousand dollars. A. L. Gregory, J. M. Gillespie, and E. H. Gillespie indorsed the same, specifically waived presentment, protest and all notices required under the law of this State. Plaintiff is receiver of the payee bank. The note was not paid on December 21, 1932, the due date thereof, and remained as an asset of the bank until the sale thereof as hereinafter stated.

Plaintiff on August 28, 1942, received bids for the purchase of the remaining assets of the bank, among which was the note mentioned above. Earl Swartzwelder offered to purchase said assets at the price of $8,200.00, which offer was approved September 3, 1942, by the Comptroller of the Currency of the United States, and by the Circuit Court of Webster County on September 14, 1942. The note was delivered to Swartzwelder at some time before the trial of this action bearing the following indorsement:

"For value received the undersigned hereby sells, assigns, transfers and sets over unto Earl Swartzwelder all the right, title and interest of the First National Bank of Webster Springs, W. Va., and of the undersigned, as *it's* receiver, in

and to the within Note without recourse or warranty of any kind or character whatsoever.

J. S. ODLAND, Receiver
First National Bank of
Webster Springs, W. Va."

. The notice of motion, having been served, was filed in the office of the Clerk of the Circuit Court of Webster County on September 3, 1942. Plaintiff gave notice that on September 22, 1942, he would move for judgment against Hamrick, Gregory, E. H. Gillespie and the administratrix of J. M. Gillespie in the sum of $1,410.34. However, no motion was made nor trial had until September 20, 1943. This action was continued by agreement as to E. H. Gillespie and the administratrix of J. M. Gillespie. Plaintiff's counsel admits that a decretal judgment predicated on the note had been rendered against Hamrick in the suit of Dodrill, executor v. Bruffy et al., theretofore pending in the Circuit Court of Webster County, and hence we are only concerned with the liability of defendant Gregory, who will be hereinafter referred to as "defendant".

Defendant demurred to the notice of motion, pleaded the general issue, and filed four special pleas. Special plea No. 1 sets up as a defense that the receiver had parted with title to the note indorsed by defendant on August 28, 1942, and that sale of the said note had been approved by the Comptroller of the Currency and the Circuit Court of Webster County. It is averred in special plea No. 2 that from the due date of the note until August 28, 1942, the plaintiff had kept said note in his possession without reducing the same to judgment and during such time had caused the property of Hamrick, the maker, and E. H. Gillespie, a coindorser, to be sold to satisfy other demands and liabilities against them, and had permitted Hamrick, E. H. Gillespie, and the estate of J. M. Gillespie to become insolvent without enforcing the collection of the note. Special plea No. 3 alleges that defendant's liability on this note, if any such liability existed, could have been adjudicated in the chancery cause of Dodrill, executor v. Bruffy

et al., but was not so adjudicated, and that the right of recovery claimed by the plaintiff against defendant is now *res judicata.* It is alleged in special plea No. 4 that this action is barred for the reason that the cause of action did not accrue within ten years next before the commencement of this action. A demurrer was interposed as to all the special pleas, which was overruled as to special plea No. 1 and sustained as to the others.

The note at the time of the trial was held by Swartzwelder, it having been delivered to him by plaintiff on the approval of Swartzwelder's offer to purchase by the Circuit Court of Webster County. Swartzwelder made no appearance in this action, nor does it appear that the action is being prosecuted in the name of Odland, receiver, for Swartzwelder's use and benefit. Swartzwelder's ownership of the note appears from Gregory's special plea No. 1 and from uncontradicted testimony.

Defendant makes cross-assignments of error contending that the rulings of the court on the demurrers to the notice of motion and special pleas are erroneous. The demurrer to the notice of motion is predicated on two propositions: (a) That it is not specifically alleged that plaintiff is the owner and holder of the note on which this action is brought and has no title thereto; and (b) that the motion was not made on the return day of the notice. The notice alleges that plaintiff was duly appointed as receiver of the bank, and that the bank acquired the note on which Gregory is indorser in due course, and that the note was an asset of The First National Bank of Webster Springs. The allegations concerning the ownership of the note are sufficient. No order of continuance was entered on the return day of the notice or at any other time, and approximately one year elapsed between such day and the day of trial. Discontinuance of this proceeding is prevented by the following provision of the statute: "A proceeding under this section shall not be discontinued * * * by reason of no order of continuance being entered in it from one day to another, or from term to term. * * *". Code, 56-2-6, as amended by Chapter 18, Acts of the Legislature, 1931.

Moreover, a demurrer to a pleading does not test a matter of procedure not appearing on the face thereof, and which arose after the pleading was filed. The demurrer to the notice of motion was properly overruled.

Defendant's special plea No. 2 probably originates in the statutory provision found in Code, 45-1-1, 2. But no notice from defendant to the holder of the note is pleaded. No estoppel of plaintiff arose by reason of the lapse of time and the insolvency of the makers and coindorsers of defendant, and therefore there was no error in the court's ruling on the demurrer to that plea.

As to special plea No. 3 the record herein is insufficient for this Court to say whether Gregory's liability was adjudicated, or could have been adjudicated, in the chancery cause of Dodrill, executor v. Bruffy et al.

Special plea No. 4 presented a good defense to this action. It effectively pleaded the lapse of ten years from the time the cause of action accrued, but no proof was offered in support of such plea.

The decisive questions in this suit are raised by defendant's special plea No. 1. Plaintiff contends that Odland, as receiver, was the owner of the note at the time this action was commenced. Defendant contends that title to the note passed on August 28, 1942.

These contentions present the following questions: (1) Who was the owner of the note when this action was commenced; and (2) what effect did the transfer of title thereto, *pendente lite,* have on the prosecution of this action?

An action by notice of motion for judgment is commenced when the notice properly served is filed in the office of the clerk of the court designated in such notice. *Bank* v. *Auvil,* 109 W. Va. 753, 156 S. E. 111. This action was commenced on September 3, 1942, the notice properly served having been filed in the office of the Clerk of the Circuit Court of Webster County on that day.

Plaintiff is the receiver of a banking association, organized under the laws of the United States, which confer and define his authority. Sales of assets of a closed national

bank is authorized by Section 192, Title 12, U. S. C. A., wherein it is provided, "* * * Such receiver, under the direction of the comptroller, shall take possession of the * * * assets of every description of such association, * * * and, upon order of a court of record of competent jurisdiction, * * * may sell all the real and personal property of such association, on such terms as the court shall direct; * * *." The Circuit Court of Webster County had jurisdiction to enter an order approving the sale. *Richardson* v. *Turner,* 52 La. Ann. 1613, 28 S. 158, affirmed in 180 U. S. 87, 21 Sup. Ct. 295, 45 L. Ed. 438. Sale of the assets of a closed national bank by the receiver, including the approval thereof by a court of competent jurisdiction is administrative, judicial approval being a prerequisite to the full exercise of the administrative power vested in the receiver by statute. *Mitchell* v. *Joseph,* (C. C. A. 7) 117 F. 2d 253; *Roth* v. *Hood,* (C. C. A. 6) 106 F. 2d 616. The receiver did not sell the assets of The First National Bank of Webster Springs on August 28, 1942. He merely received an offer on that day to buy such assets, which continued until the sale was approved on September 14, 1942, by the Circuit Court of Webster County. *Roth* v. *Hood, supra.* Until such approval was given, the person offering to purchase had no enforceable right to the assets of the bank. *Armstrong* v. *Woolley,* (C. C. A. 5) 89 F. 2d. 295.

The sale of the note was neither effective nor complete until approval by the Circuit Court of Webster County was given. The receiver owned and held the note until the approval of the Circuit Court of Webster County on September 14, 1942. The approval of the sale by the court, followed by the indorsement and delivery of the note, transferred the title to Swartzwelder, the purchaser.

From what has been said, it follows that J. S. Odland, as receiver of The First National Bank of Webster Springs, plaintiff herein, at the commencement of this action, was the owner of the note on which this action is predicated, and that during the pendency thereof his ownership ceased.

The person who is now the owner and holder of the note

has not, so far as disclosed by the record, indicated an intention to prosecute this action in his own name, or in the name of Odland, receiver. May he, without being a party plaintiff, cause this action to be prosecuted to final judgment in the name of the former owner of the note? Counsel for plaintiff contends that he can do so under Code, 55-8-9, and decisions of this Court applying the provisions of that statute. In the case of *Clarke* v. *Hogeman,* 13 W. Va. 718, this Court held that an assignee who is the owner of an equitable interest in a non-negotiable chose in action may by virtue of the statute assert his right in an action at law in his own name or in the name of the assignor for the use and benefit of the assignee, and that it was unnecessary to show on the record for whose use and benefit the action was brought. The same statute was applied in the case of *Bentley* v. *Insurance Co.,* 40 W. Va. 729, 23 S. E. 584. In the *Bentley* case a policy of insurance was issued to a person who, *with the consent of the insurer,* made an assignment to another, who commenced an action on the policy, and later reassigned it to the original beneficiary. It was held that the first assignment created a new and independent contract, vesting legal as well as equitable ownership in the first assignee, that reassignment, *without consent of the insurer,* operated to transfer only an equitable interest in the policy, that the first assignee by virtue of the independent contract retained legal title to the policy, and that under the statute (Code, 55-8-9) an action could be maintained in the name of the first assignee, regardless of the reassignment, *pendente lite.* It should be borne in mind that the subjects of the assignments under consideration in the cases of *Clarke* v. *Hogeman, supra,* and *Bentley* v. *Insurance Co., supra,* were not negotiable. Is the contract here transferred different from those just mentioned?

The note being payable to the order of The First National Bank of Webster Springs was negotiable at its inception and continued to be negotiable until restrictively indorsed or discharged by payment or otherwise. Code, 46-3-17. The indorsement hereinabove quoted is special and qualified,

and does not impair the negotiability of the note. Code, 46-3-5, 9.

The application of Code, 55-8-9, to the transfer of a negotiable note is precluded by the language used therein, the right to maintain an action at law being conferred on the assignee of "any * * *. note, * * * not negotiable, * * *." Although a note is transferred after its due date, as here, Code, 55-8-9, is inapplicable. *Davis* v. *Miller,* 14 Gratt. 1.

However, the following rule has been stated: "In an action on a note by an assignee thereof, which before judgment is re-assigned by him to the payee, the assignee, in whose name the suit is brought, will not by such re-assignment be divested of the title to the note, so as to prevent recovery thereon in his name, for the benefit of said payee." *Watkins* v. *Angotti,* 65 W. Va. 193, 63 S. E. 969. *Bentley* v. *Insurance Co.,* supra, is cited as the sole authority for that holding. It is quite obvious that the *Bentley* case is not authority for the rule announced in the *Watkins* case, because the decision in the *Bentley* case was predicated on a statute which had no application to the transfer of a negotiable note. The note on which the action was brought in the *Watkins* case was payable to a definite person or bearer, and hence the true basis for decision in that case will be found in authorities which hold that a note payable to bearer or indorsed in blank is transferable by delivery, and the holder thereof in good faith has sufficient title to maintain an action. *Guernsey* v. *Burns and Graves* (N. Y.), 25 Wend. 411. The rule in the *Watkins* case is broader than the facts therein justify. In other authorities it is not clear whether the note transferred *pendente lite* was payable to bearer, indorsed in blank, or otherwise, but the principle announced in the *Guernsey* case was applied to variant factual situations. *Bradford & al.* v. *Bucknam,* 12 Me. 15, 3 Fair. 15; *Austin* v. *Birchard,* 31 Vt. 589; *Keyser* v. *Shepherd,* 13 D. C. 66, 2 Mackey 66; *Newberry* v. *Trowbridge,* 13 Mich. 263, 281; *Ivey et al.* v. *Drake,* 36 Ark. 228; *Dowell* v. *Mills,* 32 Tex. 440; *Enston* v. *Friday* (S. C.), 2 Rich. 427; *Scott et al.* v.

*Metcalf* (Miss.), 13 Smed. & M. 563. There are authorities which adhere to an opposite doctrine. See *Hall* v. *Gentry* (Ky.), 1 Marshall 555; *Curtis* v. *Bemis,* 26 Conn. 1; *Cooper* v. *Poston* (Ky.), 1 Duv. 92, 85 Am. Dec. 610. See also Am. Jur., Title, Bills and Notes, Section 916.

This Court has implicitly held that there is a distinction between a note not payable to bearer and specially indorsed, and a note payable to bearer or indorsed in blank, title to the former passing by indorsement only and title to the latter passing by delivery made in good faith with intent to pass title. "If a negotiable instrument, not payable to bearer, be indorsed specially to a particular person, while such person remains the holder and legal owner the right of action is in him alone, and none but he, or his personal representative, can sue." *Spence* v. *Robinson,* 35 W. Va. 313, 13 S. E. 1004. When the legal and equitable ownership of the note indorsed by defendant passed from Odland, the plaintiff, to Swartzwelder, the purchaser, this action abated, and Swartzwelder, or his personal representative only could maintain an action to enforce its payment. The plaintiff, after transfer of the note by special indorsement, could no longer maintain this action, but after abatement it was revivable by an "assignee or beneficiary party". Code, 56-8-5. The demurrer to defendant's special plea No. 1 should have been sustained. The owner and holder of the note should have been accorded the right of revival provided in Code, 56-8-5. The order of dismissal prevented revival of the action, therefore the statute limiting the time for such revival is tolled, and this action may be revived at or before the second term next after the entry of the mandate of this Court. Code, 56-8-8.

Upon the remand hereof the Circuit Court of Webster County is directed to reinstate this action and to accord the owner and holder of the note the right to revive it by appropriate procedure, if he shall be so advised. In event of a revival further prosecution of this action is not barred by the statute of limitation. *Dillow* v. *Stafford,* 181 Va. 483, 25 S. E. 2d 330.

In accordance with the foregoing, the judgment of the Circuit Court of Webster County is reversed and this case is remanded for further proceedings in accord with the principles herein announced.

*Reversed and remanded with directions.*

ROSE, PRESIDENT, dissenting:

I would dismiss this writ of error as having been improvidently awarded. Whether in the court below it was proper to dismiss the proceeding or treat it as having abated, it was correctly determined there that the plaintiff, at the time of trial, had no interest, legal or equitable, in the note sued on. Immediately upon his having endorsed this note to a purchaser, he ceased to have any right therein upon which he could maintain any kind of proceeding or be heard in any court. Regardless of what some other person might be able to do in the proceeding thereafter, the plaintiff was entirely eliminated.

Then how can he bring the case here on writ of error? He has no interest to protect, no rights to vindicate, either personally or in any representative capacity. It is no concern of his whether the case was dismissed or treated as abated, or whether or not some third party was given an opportunity to be substituted in his stead in the case. No other party having such interest or right is complaining and no other such party is before us. Hence the rights of all other such parties, if any, are not involved on this writ of error. When this Court discovered, as it has done, that the plaintiff had no interest in the cause of action or in the proceeding brought thereon, the only proper course was to dismiss the writ of error. The plaintiff had no power to bring the cause here, and we have no jurisdiction to review it further at his instance.