# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## HASHER'S ADM'R AND OTHERS v. HASHER.

### JANUARY 12, 1899.

Absent, Cardwell and Riely, JJ.

1. STATUTE OF LIMITATIONS—*Attorney in Fact and Principal—Trust.*—In the absence of fraudulent concealment on the part of an attorney in fact, whose authority is simply to collect and pay over money, the principal's cause of action against his attorney for failure to make such payment arises at the date of the collection by the attorney, or at least in a reasonable time thereafter. There is no trust relation between the parties, and the mere fact that a part of the money was collected several years after the first collection is no evidence of a continuing trust, and does not change the original character of the relation of the parties.

Appeal from a decree of the Law and Equity Court of the city of Richmond pronounced June 30, 1897, in a suit in chancery wherein the appellee was the complainant, and the appellants were the the defendants.

*Reversed.*

The opinion states the case.

*Willis B. Smith,* for the appellants.

*A. A. Gray* and *Pollard & Sands,* for the appellee.

KEITH, P., delivered the opinion of the court.

Daniel Hasher died in the county of Louisa, and in 1861 there was pending in the Circuit Court of that county a chancery suit for the settlement of his estate, and the distribution

of the proceeds among his children. The parties interested determined that all questions at issue between them should be settled out of court. Thereupon they selected arbitrators, and dismissed the pending suit, and Granville Hasher, who lived in the State of Mississippi, appointed his brother, Samuel, his agent to collect and transmit to him his share.

The instrument by which Granville Hasher appointed his brother his agent does not appear in the record, but from the papers filed and other evidence we are of opinion that he was the attorney in fact to collect and transmit to his brother in Mississippi the proceeds of his interest in the estate of their father, and to that end to sell and dispose of his interest, and to collect and receipt for money due.

By a letter dated November 28, 1861, and postmarked Salem, Mississippi, November 30th of that year, Granville Hasher acknowledges receipt of a letter from Samuel, informing him that he had effected a division of the property, and that he expected to get the money in a short time; that he did not desire to keep it, as it would not be safe, and that he would write as soon as he received it.

Leaving out of view a letter written by Samuel F. Hasher to his brother, and mailed June 26, 1863, but which is not shown to have been received by Granville Hasher, there appears to have been no further communication between the principal and his agent.

Samuel F. Hasher died in the city of Richmond in February, 1894, and in December, 1895, Granville Hasher filed his bill in the Law and Equity Court, in which he charges that Samuel F. Hasher " was liable to account to him in his fiduciary relations as agent and trustee, * * * and pay such sum as may be ascertained justly and rightly due." The administrator, widow, and children of Samuel F. Hasher are made parties defendant.

The defendants pleaded that the cause of action did not accrue within twenty years before said bill was exhibited and

process issued. Answers were also filed by the defendant, and proofs taken which establish the facts heretofore stated. The court referred the cause to a commissioner, and upon the coming in of the report rendered a decree in favor of the plaintiff for the sum of $2,226.14, with interest on $720.37, part thereof, from the first day of July, 1897.

We are of opinion that this decree was erroneous. The statute of limitations is a bar to the action. See *Southern Lightning Rod Co.* v. *Cleghorn*, 59 Ga. 783. In that case the question was whether an attorney at law who has collected money for a client and retains it is a trustee. The court said: "An attorney's possession of the money of his client is more like that of a mere agent or bailee. It would be deviating from the ordinary use of language to call the client's money trust property; and the sole duty of the attorney, in respect to it, is to pay it over. He has no right to control and manage it as a trustee in possession. In this regard his powers do not extend beyond those of an attorney in fact appointed to collect; and the latter is not a technical trustee."

More can be said in support of a trust relation existing between an attorney at law and his client than as between an attorney in fact and his principal. In 1 Robinson's New Practice, p. 458, it is said "that to exempt a trust from the bar of the statute it must be first a direct trust; secondly, it must be of the kind belonging exclusively to the jurisdiction of a court of equity; and thirdly, the question must arise between trustee and *cestui que* trust." See also Barton's Chan. Pr., p. 110.

At page 347 of Wood on Limitation it is said: "The tendency of the courts is to hold that, in the case of an ordinary collecting agent, whose only duty is to receive and pay over the money to his principal, the statute begins to run immediately upon the receipt of the money, regardless of the question whether a demand has been made or not, unless he has fraudulently concealed the fact of its receipt by him, or in any

event after the lapse of a reasonable time after he has received it, in which to notify his principal."

In this case there was no title vested in Samuel Hasher. He had no power to hold or invest the property of his principal. His plain duty was to collect and pay over at once, and this was fully understood to be the contract between them, as is shown by the letter of November 28, 1861, written to the agent by his principal.

It appears that an item of $7.03 was collected November 7, 1868, and this circumstance is relied upon by appellee to establish a continuing trust. We cannot think that the delay in the collection by the agent of a part of the money at all affects the character of the relations between himself and his principal. The only effect that could be attributed to it would be that the statute of limitations would apply only from the date of its collection, but this is immaterial here, as the whole demand is barred. The limitation relied upon by the appellee is that of twenty years. We think the demand was barred in five years after the statute began to run, which was on the first of January, 1869, but that circumstance is likewise immaterial to this case, and is only mentioned in order to prevent a misapprehension of our views upon the subject.

We are of opinion that the case should be reversed, and, this court entering such decree as the Law and Equity Court should have entered, the bill of complaint must be dismissed.

*Reversed.*