# CHARLESTON.

W D. HOLLIDAY v. ELKHORN-PINEY COAL MINING COMPANY

(No. 5752)

Submitted September 14, 1926.   Decided September 21, 1926.

1. MASTER AND SERVANT—*Issuance of Brass Scrip to Employees for Labor Performed, Redeemable in Cash on Pay Days, Otherwise in Merchandise Only, and Non-transferable, Held Violation of Statute (Code 1923, c. 15H, § 80, As Amended and Re-enacted by Acts 1925, c. 87).*

    The issuance by a corporation of brass scrip representing various denominations of value, and delivered to its employees for labor performed by them for said corporation, said scrip having on the obverse side: "Payable in cash on pay days when due to employee to whom issued. In Merchandise only—Non-transferable;" and on the reverse: "Elkhorn-Piney Coal Mining Company" (defendant in this case), violates § 80, Chap. 15H, Code, 1923, as amended and re-enacted by Acts 1925, Chap. 87.   (p. 148.)

    (Master and Servant, 39 C. J. §§ 340, 341 [Anno].)

2. SAME—*Employer Wishing to Avail Himself of Statute Relating to Non-transferable Scrip for Labor to be Performed Has Burden of Showing Amount Issued for Such Purpose (Acts 1925, c. 87).*

    Where the agreed state of facts show that such scrip was issued for "labor performed or labor to be performed", if the defendant would avail himself of the provisos in the statute relating to the issuance of such scrip for "labor to be performed", the law places upon him the burden of showing the amount issued for the latter purpose.   (p. 150.)

    (Master and Servant, 39 C. J. §§ 340, 341.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Raleigh County.

Action by W. D. Holliday against the Elkhorn-Piney Coal Mining Company begun before a justice of the peace. From the judgment for plaintiff, defendant appealed to the circuit court, which rendered judgment for defendant, and plaintiff brings error.

*Reversed; judgment here.*

*C. C. Long* and *M. L. Painter,* for plaintiff in error.
*McGinnis & McGinnis,* for defendant in error.

WOODS, JUDGE:

W. D. Holliday, hereafter called plaintiff, in the course of his business as a merchant, accepted at face value, for value returned, from various employees of Elkhorn-Piney Coal Mining Company, hereafter called defendant, certain scrip, due-bills, or tokens issued by defendant, in the sum of $299.50, and presented same to defendant on a regular pay day, after same became due, and requested defendant to redeem same in lawful money of the United States of America. Upon defendant's refusal to redeem same, plaintiff instituted his action before a justice of the peace of Raleigh County and obtained judgment for $299.50. Defendant appealed. The circuit court heard the case on an agreed statement of facts and found for defendant. Plaintiff comes here on writ of error.

The defendant, in addition to housing a large number of its employees, operates a general merchandise store for the use and benefit of said employees, as well as others. In the course of the business of the company store, the said company has in use a system of credit consisting of brass scrip, due-bills, tokens, or chips representing various denominations—from one dollar down. The obverse side of said scrip, due-bills, or tokens bear the following inscription: "Payable in cash on pay-days when due to employee to whom issued. Ingle-Schirloh Co., Dayton, O. In merchandise only—Non-transferable;" on the reverse, "Elkhorn-Piney Coal Mining Company." It is the defendant's custom to issue certain pieces of said scrip from time to time to its employees, at their request, for labor performed, or to be performed, in course of their employment about the business of the company, and defendant redeems the face value of the scrip, due-bills, or tokens in merchandise at its store at any time after issuance to such employees, or pays in cash to any employee to whom issued the face amount of such unused scrip, due-bills, or tokens at pay days when the amount of money is due for which the scrip, due-bills, or tokens were issued under the contract

of employment. There is no reasonable way to identify any specific piece or part of said scrip, tokens, or due-bills, each denomination being as nearly alike as possible. It does not bear the name of the employee to whom issued.

The "scrip law" as it stood before the addition of two provisos by the last Legislature (Acts 1925, Chap. 87), forbade, under penalty of fine and imprisonment, "any corporation, company, firm or person, engaged in any trade or business, either directly or indirectly, to issue, sell, give or deliver to any person employed by such corporation, company, firm or person, in payment of wages due such laborer, or as advances for labor not due, any scrip, token, draft, check, or other evidence of indebtedness, payable or redeemable otherwise than in lawful money", and providing that such scrip, token, draft, check or other evidence of indebtedness "shall be construed, taken and held in all courts and places, to be a promise to pay the sum specified therein in lawful money by the corporation, company, firm or person, issuing, selling, giving or delivering the same to the person named therein, or to the holder thereof." Chapter 15H, § 80, Code, 1923.

This act was held to be constitutional in *State* v. *Peel Splint Coal Company*, 36 W. Va. 802; and in *Atkins* v. *Coal Company*, 76 W. Va. 27, Judge LYNCH points out very clearly that this statute, requiring that all scrip issued thereunder must be redeemable in "lawful money", is a reasonable regulation for the protection of employees, and that it does not violate any constitutional provision, or unduly curtail the right of contract, and is therefore not an illegitimate exercise of the state's police power. The Legislature, in 1925, reenacted the foregoing statute, adding thereto two provisos, giving the employer the right to issue scrip, redeemable in merchandise only, on certain conditions. These provisos are: "Provided, that any such corporation, company, firm, person, or association, engaged in any of the businesses aforesaid, at other times than at the regular pay day settlements, upon the faith and to credit of labor to be performed but not to be paid for under the contract of hiring until a future date, may, in payment or part payment therefor, upon request of any employee, issue to such employee, non-trans-

ferable orders upon himself or itself, or upon another, payable
in merchandise only; or non-transferable coupons or tokens
payable and redeemable in merchandise only; provided fur-
ther, that it be shown upon the face of said order that such
employer agrees to pay the employee in lawful money of the
United States or by check the unused portion or part, if any,
of such order in possession of the holder, or the unused cou-
pons or tokens, if any, of such holder, in his possession, upon
demand and surrender thereof by him at such regular settle-
ment day or pay days according to the issuance thereof when
the same would be due in cash had not said order or token
been issued."

It will be observed that the statement of facts upon which
the case was tried in the circuit court admits that the scrip
was issued "for labor performed, or to be performed." The
original statute (Ch. 15H, § 80, Code, 1923), now incorpo-
rated in toto in Chap. 87, § 1, Acts of the Legislature, 1925,
permitted the issuance of scrip in payment of wages due or
for labor not due, provided the same was redeemable in "law-
ful money". The scrip in this case on the obverse side says:
"Payable in cash on pay days when due to employee to whom
issued", and immediately thereunder, "In merchandise only."
What does it mean? Two means of redemption are attempted.
It is clearly only redeemable in cash on "pay days"—other-
wise redeemable in "merchandise"; whereas the mandate of
the statute is that it shall not be "redeemable otherwise than
in lawful money." It is plainly violative thereof. But the
defendant seeks to bring such scrip under the protection of
the provisos enacted by the Legislature in 1925, hereinbefore
set out. It can only do so, in so far as such scrip was issued
"for labor to be performed". A careful consideration of
these provisos will disclose this limitation. It cannot thereby
justify its action in any court in the issuance of said scrip
for "labor performed".

There is no separation of the amount of scrip given for
"labor performed" and for "labor to be performed". The
law casts the burden on defendant to bring such issuance
within the terms of the provisos. *Richard's Case,* 32 W. Va.
356; *Hill's Case,* 5 Gratt. 682. So, it becomes unnecessary to

consider the provisos in the present statute. They have no application here. Since it falls within the prohibition of the body of the statute, such scrip shall be construed, taken, and held in all courts to be a promise to pay the sum specified therein in lawful money to the person to whom issued, or to the holder thereof.

Upon the agreed statement of facts, the plaintiff was entitled to judgment. The judgment of the circuit court is therefore reversed, annulled and set aside. As a jury was expressly waived by both parties to the litigation, and the case submitted to the court in lieu thereof, judgment for the plaintiff is entered here.

*Reversed; judgment here.*