# CHARLESTON.

THE CITIZENS NATIONAL BANK OF PHILIPPI *v.* D. H. AUVIL
. *et al.*

(No. 6806)

Submitted November 18, 1930.  Decided December 2, 1930.

*Talbott & Talbott, Samuel V. Woods* and *Arthur S. Dayton,* for plaintiff in error.

*Wm. T. George, J. Blackburn Ware* and *Paul B. Ware,* for defendant in error.

LITZ, JUDGE:

This is an action by a notice of motion for judgment (under section 6, chapter 121, Code 1923, as amended by chapter 81, Acts 1925, and chapter 39, Acts 1929), in which the plaintiff asserts an attachment lien.

January 9, 1930, plaintiff filed in the clerk's office of the circuit court of Barbour County an unserved notice of motion for judgment against the defendant and an affidavit for attachment in the proceeding.  Thereupon the clerk, at the instance of the plaintiff, issued an order of attachment and delivered the same along with the notice to the sheriff for service.  On the following day the sheriff served and returned the notice and attachment.  Upon motion of defendants, the attachment was quashed February 4th, on the ground that it had been issued before the institution of the

action. The plaintiff contends (1) that the mere filing of the unserved notice in the clerk's office brought the action into being, and (2) that an order of attachment may be issued when an action "is about to be instituted" as well as at the time of or after the institution thereof.

"The process to commence a suit, shall be a writ commanding the officer to whom it is directed, to summon the defendant to answer the bill or action." Section 5, chapter 124, Code 1923. The commencement of a suit or action dates from the issuance of process. *Oil, etc. Co.* v. *Gartlan,* 58 W. Va. 267; *Ferrell* v. *Ferrell,* 53 W. Va. 515; *Honesdale* v. *Montgomery,* 56 W. Va. 397. The statute authorizing judgment by motion, does not provide for the filing of the notice in the clerk's office before it has been served and returned; such action by the plaintiff was therefore devoid of any legal effect. This Court has decided, in line with the holding of the Virginia Court under a similar statute, that the action (by notice of motion for judgment) commences upon the filing in the clerk's office of the notice properly served. "The date of the institution of a suit on a motion for judgment, under section 6, chapter 121, Code, is the day the notice is returned to, and filed in, the clerk's office." *Charlton* v. *Pancake,* 98 W. Va. 363; *Cardwell* v. *Liability Assurance Corporation,* 105 W. Va. 197. The opinion of counsel for plaintiff, that neither of these cases decides whether the notice must be first served in order to start the action by filing the paper in the clerk's office, is without merit. It is held in each that the notice to have such effect must be "returned" as well as filed. "Return" follows service.

Holding that the proceeding is not pending until the notice has been served and filed, in *Furst* v. *Banks,* 101 Va. 208, the Virginia Court said: "The plaintiff, not the clerk, gives the notice. It is not required to be served by the sheriff or other officer. It is a private paper in the hands of the plaintiff or his agent, and does not belong to the court until it is returned to, or more properly filed in, the clerk's office. Then, and not till then, has the clerk, as such, any knowledge of or control over it."

The contention that an attachment may issue when an

action at law or suit in equity is about to be brought as well as at the time of or after the institution thereof is predicated upon the difference in the language of the Virginia statute (sections 1 and 2, chapter 151, Code 1860) and the West Virginia statute (section 1, chapter 106, Code 1868). An attachment against a non-resident was permitted under section 1 of the Virginia statute "when any suit is instituted for any debt, or for damages for breach of any contract, on affidavit stating the amount and justice of the claim," etc. Section 2 authorized the issuance of attachment "on affidavit at the time of, or after the institution of any suit, * * *." The language of section 1, chapter 106 of the 1868 West Virginia Code (which remains unchanged as part of section 1, chapter 106 Code 1923), follows: "When any action at law or suit in equity is about to be or is instituted for the recovery of any claim or debt arising out of contract, or to recover damages for any wrong, the plaintiff, at the commencement of the action or suit, or at any time thereafter, and before judgment, may have an order of attachment against the property of the defendant, on filing with the clerk of the court in which such action or suit is about to be or is brought, his own affidavit or that of some credible person", etc. This statute, in terms, authorizes the issuance of attachment only at the time of or after the institution of the suit or action. Its language "when any action at law or suit in equity is about to be * * * instituted", and "on filing with the clerk of the court in which such action or suit is about to be * * * brought", furnishes authority for the execution and filing of the affidavit before the institution of the action or suit; and, so construed, harmonizes with the express provision for the issuance of the order of attachment at the time of or after the institution of the action or suit. In other words, the statute permits the execution and filing with the clerk of the affidavit of attachment before the issuance of the summons, but does not authorize the issuance of the order of attachment before the institution of the action or suit. "It (an order of attachment) issues only ancillary to an action, and is made at the commencement of the action, or at the time after the com-

mencement and before judgment in the action. It is the summons in the action that gives jurisdiction." *Gutman & Co.* v. *The Virginia Iron Co.*, 5 W. Va. 22. "After a suit has abated it is not competent to sue out an attachment in that cause, *because such affidavit and attachment must be sued out in a pending cause.*" *Steele* v. *Harkness*, 9 W. Va. 13.

It is further argued that the statute should be construed as permitting the issuance of attachment before the institution of the action or suit; otherwise, if the plaintiff proceeded by notice of motion for judgment, the defendant would have it in his power, after notice of the action, to defeat the right of attachment. This danger may be avoided by the bringing of a regular action or suit in which the summons and order of attachment may be issued simultaneously.

The judgment of the circuit court quashing the attachment is therefore affirmed.