H. H. Barnes *v.* T. H. Lilly

(No. 6922)

Submitted April 28, 1931. Decided May 12, 1931.

(Rehearing denied September 14, 1931.)

644

*Lilly, Lilly & Warwick, Brown, Jackson & Knight, A. A. Lilly* and *Lon H. Kelly,* for plaintiff in error.
*Randolph Bias,* for defendant in error.

Litz, President:

Plaintiff, H. H. Barnes, obtained verdict and judgment against defendant, T. H. Lilly, in the sum of $2,609.00.

The action was instituted August 9, 1929, to recover balance of purchase price for 20 shares of capital stock in Ruffner Hotel, Inc., of Charleston, sold and delivered by plaintiff to defendant on or about April 1, 1925. Defendant pleaded the general issue, and filed a special plea of set off (October 23, 1929) to which plaintiff pleaded the statute of limitations and defendant replied generally. Barnes was employed as general manager for the Ruffner Hotel from April 1, 1920, to April 1, 1925. He received a salary of $500.00 a month, payable bi-weekly, and ten per cent. of the net profits from the business, payable annually. The set-off consists of numerous money charges against plaintiff in favor of the hotel, aggregating $1,784.79, and an account of the hotel against him, for rooming and boarding his children and guests, of $10,048.61, assigned by it to Lilly, October 14, 1929. Defendant introduced the books of the hotel as evidence of the money charges which also showed that $1736.40 of these items were charged off December 31, 1923. Barnes testified that he paid the hotel at the termination of his employment all claims it then asserted against him and that the account for rooming and boarding his children and guests, which was formulated by mere estimate after the institution of this suit, is grossly excessive. Lilly insists that an agency or trust relation existed between Barnes and the hotel, by reason of his employment, which tolled the statute of limitations during the period of service; he also relies upon the contents of an alleged lost letter from Barnes to himself, stating that he (Barnes) "expected to take care of the board and room" of his children and

guests; and, therefore, complains of an instruction directing the jury to ignore all items of set-off accruing prior to October 23, 1924. Section 8, chapter 104, Code 1923, (55-2-8, Code 1931), provides: "If any person against whom the right shall have so accrued on an award, or on any such contract, shall by writing signed by him or his agent promise payment of money on such award or contract, the person to whom the right shall have so accrued, may maintain an action or suit for the moneys so promised, within such number of years after the said promise, as it might originally have been maintained within, upon the award or contract, and the plaintiff, may either sue on such a promise, or on the original cause of action, and in the latter case, in answer to a plea under the sixth section, may, by way of replication, state such promise, and that such action was brought within the said number of years thereafter; but no promise, except by writing as aforesaid, shall take any case out of the operation of the said sixth section, or deprive any party of the benefit thereof. An acknowledgment in writing as aforesaid, from which a promise of payment may be implied, shall be deemed to be such promise within the meaning of this section."

Assuming that the letter formerly existed and that it was in sufficient form to constitute a new promise under the statute (which is doubtful) it was neither pleaded nor proven to have been written within five years of the filing of the plea of set-off, and referred only to the board-and-room claim. Whatever may have been the relation between Barnes and the hotel, it did not affect the statute of limitations. There were no mutual accounts between them, and the hotel, through its officers, was at all times familiar with the money charges and the facts relating to the other claims constituting the set-off. It could have compelled payment, at any time, without waiting the termination of his employment or settlement on his part. The running of the statute of limitations commences when the right to sue accrues. Section 6, chapter 104, Code 1923, (55-2-6, Code 1931).

As none of the items of set-off are shown to have accrued within five years from the filing of the plea of set-off, we are of opinion to affirm the judgment of the circuit court.

*Affirmed.*