R. B. Sansom, *et al.*

*v.*

P. W. Sansom

(No. 12225)

Submitted May 19, 1964.          Decided June 23, 1964.

*J. Floyd Harrison, William J. Wells,* for appellant.

*Greene, Morgan & Ketchum, Edward H. Greene, Claude M. Morgan, Chad W. Ketchum,* for appellees.

BERRY, JUDGE:

This is an appeal from a final judgment of the Circuit Court of Wayne County, West Virginia, of November 21, 1962. The appeal and supersedeas was granted by this Court on March 25, 1963, and the case was submitted to the Court for decision on briefs at the April Special 1964 Term.

The procedure used in connection with this case in the lower court is quite confusing. The action was started by a notice of motion for judgment some time in June, 1959, based on an implied contract for a sum certain under the old procedure. The record indicates that a notice of motion for judgment was filed on June 17, 1959, but was not served on the defendant until June 18, 1959. An affidavit was filed with the notice of motion for judgment, and although an order was entered stating it was the intention of the defendant to file a counter affidavit, no order filing it was contained in the record. Another order indicates that a demurrer had been filed to said counter affidavit, which was sustained by the court, and a new counter affidavit was ordered filed in said order, but none of these papers are contained in the record. The record does contain a plea of the statute of limitations filed by

the defendant on February 29, 1960, to which the plaintiffs filed a replication on March 31, 1960, alleging fraud on the part of the defendant, and that, therefore, the statute of limitations was not applicable, after which the Circuit Court of Wayne County referred the case to a special commissioner to take evidence and report his findings. The special commissioner conducted hearings, took testimony of the witnesses and filed his report with the court on January 5, 1961, in which report he found that the defendant was guilty of fraud, but that by virtue of the lapse of time from the commission of said fraud, the statute of limitations was applicable. Therefore, the findings of the special commissioner were in favor of the defendant and against the plaintiffs, to which report exceptions were timely filed by the plaintiffs, after which the Circuit Court of Wayne County entered an order awarding judgment in favor of the plaintiffs in the amount of $2726.60, without any reasons being contained, either in the order or otherwise, for the awarding of the judgment in this amount. The motion to set aside the judgment was overruled by the trial court on November 21, 1962, after which time this appeal was applied for and granted by this Court.

The action involved in this case is based on a lease from the two plaintiffs, R. B. Sansom and Andrew Sansom, the defendant P. W. Sansom, and their mother, Sarah Sansom, to the United Fuel Gas Company dated January 9, 1934, wherein the lessee agreed to pay quarterly in advance to the lessors, the plaintiffs and defendant in this action, all of whom were "parties of the first part", $300.00 a year for the gas wells drilled on the premises leased, and the gas therefrom as marketed and used. The lease contained a provision that the payments of the money due the plaintiffs under the lease "may" be made to P. W. Sansom "who is hereby appointed agent of the parties of the first part for such purposes". The notice of motion for judgment alleged that the defendant had failed to pay over to the plaintiffs $200.00 a year, received by him from the United Fuel Gas Company, to which they were entitled from the date of the lease, from 1934 to 1956, in the

amount of $7964.00. The proof showed that no well had been drilled on the property involved in the lease until 1937, and that in 1957 the two plaintiffs requested that the payments of $200.00 be made directly to them by the United Fuel Gas Company, which then complied with this request.

Several stipulations waiving any irregularity in connection with the pleadings, the appointment of the special commissioner and other matters were entered into by the parties. The plaintiffs conceded in their brief that in any event they would only be entitled to $200.00 a year from 1937 until 1957, or for a period of twenty years. The defendant contended that he had paid the plaintiffs all that was due and owing to them regarding the matter in question, either by virtue of payments, other property transactions, or for money expended in the upkeep of their mother who was also a party to the original lease and who had since died. The record indicates that it was certified by the clerk of the trial court after it had been filed in this Court.

It will be noted that this action continued in the trial court, from the time it was instituted until final disposition by said court, for a period of about three and one-half years. It was instituted under the old procedure, but was decided after the new Rules of Civil Procedure became effective on July 1, 1960, and the record contains no opinion of the trial court stating that the use of such rules after they became effective would not be feasible or would work an injustice. Therefore, we are of the opinion that the Rules of Civil Procedure were applicable to this action after July 1, 1960, in accordance with the provisions of R.C.P. 86.

However, it is clear in any event, that the statute of limitations of five years is applicable in the case at bar, because it is based on an implied contract. Code, 55-2-6. The lease in question was between the parties in the case at bar and the United Fuel Gas Company, and it only provided for the defendant to be paid the money due under the lease as agent, and there was no provision as to what the defendant was to do with the money. There

was no contract in writing between the plaintiffs and the defendant in order for the ten year statute of limitations to be applicable. The action must be based on a contract in writing and the obligation or liability must grow immediately out of the written instrument, and not remotely. 53 C.J.S., Limitations of Actions, §60. See *J. & G. Construction Co.* v. *Freeport Coal Co.,* 147 W. Va. 563, 129 S. E. 2d 834. An implied contract such as is involved in the case presented here for the payment by an agent to his principal is not based on any written instrument, and the statute of limitations of five years is applicable. 53 C.J.S., Limitations of Actions, §69; Code, 55-2-6; *Jackson* v. *Hough,* 38 W. Va. 236, 18 S. E. 575.

The defendant, in the instant case, was not guilty of any fraud. The mere delay of the payments that may have been due to the plaintiffs, or the refusal to pay such payments, does not constitute fraud. *Liskey* v. *Paul,* 100 Va. 764, 42 S. E. 875. The statute of limitations applies as between an agent and principal. *Burbridge* v. *Sadler,* 46 W. Va. 39, 32 S. E. 1028; *Rowan* v. *Chenoweth,* 49 W. Va. 287, 38 S. E. 544; *Hasher's Adm'x.* v. *Hasher's Adm'r.,* 96 Va. 584, 32 S. E. 41. In any event, the statute of limitations commences to run when the right to sue accrues. *Barnes* v. *Lilly,* 110 W. Va. 643, 159 S. E. 873; *Fogle & Co.* v. *King,* 132 W. Va. 224, 51 S. E. 2d 776; Code, 55-2-6. The right of the plaintiffs to sue in the case presented here accrued if the plaintiffs were entitled to such payments and were not paid when such payments were due to be made to the plaintiffs. Under the evidence in this case it would have accrued under the plaintiffs' evidence for over a period of twenty years, during which time the statute of limitations would be running.

The five year period of the statute of limitations, applicable in the case considered here, would run from the commencement of this action back for a period of five years. It is impossible to ascertain from the record in this case the time the action commenced, because the record indicates it was filed before it was served on the defendant. This could not be done under the law applicable at the time of the institution of this action. This

action by notice of motion for judgment could have been commenced only after it had been properly served on the defendant, and then filed in the office of the Clerk of the Circuit Court of Wayne County. *The Citizens National Bank of Philippi* v. *Auvil,* 109 W. Va. 753, 156 S. E. 111; *Odland* v. *Hamrick,* 127 W. Va. 206, 32 S. E. 2d 629. The action was apparently commenced on or before July 20, 1959, at which time the parties appeared and the case was continued until the November 1959 Term of the Circuit Court of Wayne County, West Virginia. The plaintiffs have been paid directly by the United Fuel Gas Company for the years 1958 and 1959, and the only recovery that could be allowed in any event, under the facts and circumstances of this case, would be for a period of three years back of 1958, counted from a time which would complete five years from the time the suit was commenced in 1959. It can be clearly ascertained that the maximum amount of recovery in any event would only be approximately $600.00.

It can therefore be clearly seen that there is nothing in the record in this case to support the judgment of the Circuit Court of Wayne County in the amount of $2726.60. Accordingly, the judgment is reversed and a new trial is granted to the defendant.

*Reversed; new trial*
*granted to defendant.*