Roy S. Steeley, as *Executor* of the Estate of
Dolores F. Steeley, *Deceased, et al.*

*v.*

Justin Funkhouser

(No. CC 879)

Submitted September 9, 1969. Decided September 30, 1969.

424

*F. Dean Nichols, John C. Skinner, Jr.*, for plaintiffs.

*Kenneth W. Metz, K. Paul Davis*, for defendant.

CALHOUN, JUDGE:

This certified case involves a civil action instituted in the Circuit Court of Jefferson County on March 12, 1969, by Roy S. Steeley, Executor of the estate of Dolores F. Steeley, deceased, Avis F. Pritchard, Jacqueline F. Senutovitch and Geraldine F. Lombard, as plaintiffs, against Justin Funkhouser, as defendant, to recover judgment in the amount of $16,127.16 on two demand notes executed and delivered by the defendant on March 12, 1959. The defendant filed a motion to dismiss, pursuant to R.C.P. 12 (b), for failure of the complaint to state a claim upon which relief may be granted on the ground that the complaint discloses that the claim was barred by Code, 1931, 55-2-6, the applicable statute of limitations which, so far as pertinent to this case, is as follows:

> "Every action to recover money, * * * shall be brought within the following number of years next after the right to bring the same shall have accrued, that is to say: * * * if it be upon * * * a contract in writing, signed by the party to be charged thereby, or his agent, but not under seal, within ten years; * * *."

In overruling the motion to dismiss, the trial court held that the cause of action stated in the complaint was not barred by limitations. Upon a joint motion of the parties, the court, pursuant to the provisions of Code, 1931, 58-5-2, as amended, certified to this Court for decision the following question:

> "Where there is no dispute that the applicable statute of limitations under West Virginia Code

55-2-6 is ten years and the instruments sought to be recovered on are negotiable 'demand notes' made, dated and delivered on March 12, 1959, is an action on said notes timely commenced on March 12, 1969, or does the action have to be commenced on March 11, 1969, to prevent a defendant from successfully maintaining the affirmative defense of the ten year statute of limitations on said notes?"

It is not questioned that the case is properly certifiable under the provisions of Code, 1931, 58-5-2, as amended. *Halltown Paperboard Company* v. *The C. L. Robinson Corporation*, 150 W. Va. 624, 148 S. E.2d 721.

Code, 55-2-6, the statute of limitations previously referred to, provides that the action shall be brought within ten years "next after the right to bring the same shall have accrued, * * *." This Court has consistently held that the running of a statute of limitations commences when the right to sue accrues. *Sansom* v. *Sansom*, 148 W. Va. 603, 607, 137 S. E.2d 1, 4. This is in accord with the general rule. 54 C.J.S., Limitations of Actions, Section 108, page 9; 34 Am. Jur., Limitation of Actions, Section 113, page 91. It becomes material, therefore, to determine when the cause of action arose in this case.

The following general rule is stated in the eighth point of the syllabus of *Lightner* v. *Lightner*, 146 W. Va. 1024, 124 S. E.2d 355: "A promissory note payable on demand becomes due and payable upon its delivery and the statute of limitations begins to run upon such instrument from the date of its execution * * *." To the same effect, see *Maslin's Exr's* v. *Hiett*, 37 W. Va. 15, 20, 16 S. E. 437, 438; *Laidley* v. *Smith*, 32 W. Va. 387, 390, 9 S. E. 209, 211; *Whitehurst* v. *Duffy*, 181 Va. 637, 644, 26 S. E.2d 101, 105; *Bacon's Adm'r* v. *Bacon's Trustees*, 94 Va. 686, 687, 27 S. E. 576, 577; 54 C.J.S., Limitations of Actions, Section 147b, page 80; 34 Am. Jur., Limitation of Actions, Section 147, page 118; 11 Am. Jur. 2d, Bills and Notes, Section 286, page 311; Annot., 71 A.L.R. 2d, Section 3, page 290. The general rule that a cause of action against the maker

of a demand note arises upon its date is embodied in the Uniform Commercial Code adopted in this state in 1963. Code, 1931, 46-3-122, as amended. It is clear that the plaintiffs' cause of action arose on March 12, 1959, the date of the demand notes, and that the applicable statute of limitations commenced to run on that date.

It is not disputed that the civil action on the two demand notes was commenced on March 12, 1969, pursuant to Rule 3 of the West Virginia Rules of Civil Procedure which is as follows: "A civil action is commenced by filing a complaint with the court and the issuance of a summons or the entry of an order of publication." This rule supersedes the former rule relating to civil suits and actions and the rule relating to proceedings by notice of motion for judgment. *Sansom* v. *Sansom*, 148 W. Va. 603, 607-08, 137 S. E.2d 1, 4; *State ex rel. Smith* v. *Bosworth*, 145 W. Va. 753, 763-64, 117 S. E.2d 610, 617.

Having determined that the cause of action arose and that the ten-year period of limitations commenced to run on March 12, 1959, the date of the two demand notes, and that the civil action to recover judgment on the notes was commenced on March 12, 1969, we must determine how the ten-year period must be computed. This represents the point of disagreement between counsel for the respective parties and the gist of the question certified to this Court for decision.

The trial court, in holding that the institution of the action on March 12, 1969, was timely and that, therefore, the cause of action was not barred, sustained the contention of the plaintiff that a decision of the question certified is properly governed and controlled by the provisions of Code, 1931, 2-2-3, which is as follows:

> "The time within which an act is to be done shall be computed by excluding the first day and including the last; or if the last be Sunday, it shall also be excluded; *but this provision shall not be deemed to change any rule of law applicable to bills of exchange, or negotiable notes.*" (Italics supplied.)

"Even in the absence of specific statutory provision, the overwhelming weight of authority supports the general rule that in the computation of time prescribed by a statute of limitations, the first day or the day upon which the cause of action accrued is to be excluded." Annot., 20 A.L.R.2d, Section 2, page 1250. To the same effect, see 86 C.J.S., Time, Section 13(1), page 848; *The Eastern Oil Co.* v. *Coulehan,* 65 W. Va. 531, 538-39, 64 S. E. 836, 839; *State* v. *Beasley,* 21 W. Va. 777, 780. This general rule for computation of time in statutes of limitations is sometimes based on the principle that the law disregards fractions of a day in the computation of time. Annot., 20 A.L.R.2d, Section 2, page 1253. See also 86 C.J.S., Time, Section 16, page 900; *Horner* v. *Huffman,* 52 W. Va. 40, 46, 43 S. E. 132, 134.

In support of their contention, counsel for the defendant rely upon the general rule stated in *Lightner* v. *Lightner,* 146 W. Va. 1024, 124 S. E.2d 355, that a demand note becomes due and payable upon its delivery and that the statute of limitations begins to run upon such an instrument "from the date of its execution." Upon the basis of the language quoted immediately above, counsel assert that the date of the demand notes involved in this case must be counted in computing the ten-year period of limitations; that the date of the demand notes cannot be excluded in computing the ten-year period; and that, therefore, the ten-year period of limitations on the demand notes involved in the civil action in this case expired on March 11, 1969, one day before the civil action was commenced. We are of the opinion that this contention made in behalf of the defendant is untenable and without legal foundation.

Immediately following the statute previously referred to and quoted is Code, 1931, 2-2-4, which contains the following provision dealing with the construction of statutes: "In a statute the word 'month' shall mean a calendar month, and the word 'year' a calendar year; * * *." We note that the legislature has stated without qualifi-

cation or exception that, in the construction or application of a statute, a year shall be construed to mean a calendar year. In *Phillips* v. *Commercial Credit Company*, 121 W. Va. 234, 238, 3 S. E.2d 836, 838, the Court, in construing the two statutes in pari materia, stated: "Unless the contrary appears from the context of a statute or contract, wherein reference is made to months, a month is to be deemed a calendar month, and a period of months is to be determined by excluding the initiatory day and calculating to and including the same date of the month wherein the period will expire, * * *. Consult: Code, 1931, 2-2-3 and 4; * * *." Unless the contrary appears from the context of Code, 1931, 55-2-6, the statute of limitations, the words "ten years", must be construed to mean ten calendar years, which, in the present case, would mean on or before March 12, 1969.

The proviso relating to "any rule of law applicable to bills of exchange, or negotiable notes" contained in Code, 1931, 2-2-3, the statute which deals with computation of time, has been a part of that statute since the formation of this state. Throughout that period of time the wording of the entire statute has remained unchanged. Code, 1868, Chapter 13, Section 12; Acts, 1882, Chapter 143, Section 12; Barnes' West Virginia Code, 1923, Chapter 13, Section 12. The same is true in relation to construing the word "year" in a statute to mean "a calendar year". Code, 1868, Chapter 13, Section 14; Acts, 1882, Chapter 143, Section 14; Barnes' Code, 1923, Chapter 13, Section 14. We are not aware of any provision of the law merchant, the common law or any statute of this state which is or heretofore was at variance with Code, 1931, 2-2-3, dealing with computation of time, or with Code, 1931, 2-3-4, which defines the word "year" to mean a "calendar year". No such law has been called to our attention.

Counsel merely contends that the principle that the period of limitations on a demand note commences to run from its date constitutes an exception to the general rule relating to the commencement of the applicable

periods of limitations on causes of action. We are of the opinion that the rule applicable to a cause of action on a demand note is in accord with, and not an exception to, the general rule that the period of limitations commences to run when the right to sue accrues.

We do not feel called upon to decide what meaning was intended to be attached to the proviso relating to "any rule of law applicable to bills of exchange, or negotiable notes" when the quoted language first became a part of the statute which is now designated as Code, 1931, 2-2-3. Possibly the proviso was, in part, intended to apply to "days of grace" which once were a part of the law merchant. See *Thornburg & Sons* v. *Emmons,* 23 W. Va. 325, 334-35; 11 Am. Jur. 2d, Bills and Notes, Section 290, page 315. The rule relating to days of grace was abolished with adoption of the Negotiable Instruments Law in 1907. Barnes' Code, 1923, Chapter 98A, Section 85.

"As a general rule, in computing the limitation period against promissory notes payable on demand the day of the date of the note is excluded." Annot., 71 A.L.R.2d, Section 16, page 329. See also *First National Bank* v. *Ziegler,* 24 Cal. App. 503, 141 P. 938; *Harris* v. *Stribling,* 66 Ga. App. 321, 17 S. E.2d 766; *Seward* v. *Hayden,* 150 Mass. 158, 22 N. E. 629.

In an action to recover damages for personal injuries sustained as a result of an automobile accident, the cause of action arises and the applicable period of limitations commences to run on the day of the accident, but the period of limitations is computed pursuant to the rule stated in Code, 1931, 2-2-3. The reason for the rule of excluding the first day and including the last day becomes apparent when we consider that a cause of action, whether on a demand note or for recovery of damages for personal injuries, may accrue at ten o'clock at night or at any subsequent time before midnight, but too late for a civil action to be commenced on that date.

For reasons stated in this opinion, the ruling of the Circuit Court of Jefferson County is affirmed.

*Affirmed.*