FRANK WESTERN, JR., *et al.*

*v.*

BUFFALO MINING CO. AND LORADO SUPER MARKET, INC.

(No. 14205)

Decided January 23, 1979.

*Zane Grey Staker, Paul E. Pinson,* for Lorado Super Market.

*Campbell, Woods, Bagley, Emerson, McNeer & Herndon, James R. Bailes and Robert K. Emerson, Valentine, Wilson & Partain, John G. Valentine,* for Buffalo Mining Co.

Miller, Justice:

Plaintiffs, Frank Western, Jr., and Johnie T. Sinett, appeal the dismissal of their suit against Buffalo Mining Company and Lorado Super Market, Inc. The trial court had sustained the defendants' plea of the statute of limitations, holding that the suit was a personal action and therefore barred by the two-year statute of limitations, W.Va. Code, 55-2-12. We disagree and reverse.

Plaintiffs were employed by Buffalo Mining Company and had executed a wage assignment addressed to their employer which stated: "This is your authorization to deduct from my wages each pay day the amount turned in against me by the Lorado Super Market, Inc. and/or the Lorado Service Station."

The complaint alleges that based on this assignment, the defendants violated W.Va. Code, 21-5-3,[1] which limits the amount that can be deducted by a wage assignment to 25 percent of a person's wages. The plaintiffs sought to recover from the defendants the amounts withheld.

An earlier suit was filed in the Federal court on the theory that the wage assignment violated the Consumer Credit Protection Act, 15 U.S.C. § 1671, *et seq.*, which prohibits garnishment in excess of 25 percent of disposable income. This suit was unsuccessful, as the Court of Appeals refused to construe the wage assignment as a

---

[1] W.Va. Code, 21-5-3, in material part provides:

"No assignment of or order for future wages shall be valid for a period exceeding one year from the date of such assignment or order. Such assignment or order shall be acknowledged by the party making the same before a notary public or other officer authorized to take acknowledgements, and such order or assignment shall specify thereon the total amount due and collectible by virtue of the same and three fourths of the periodical earnings or wages of the assignor shall at all times be exempt from such assignment or order and no assignment or order shall be valid which does not so state upon its face: Provided further, that no such order or assignment shall be valid unless the written acceptance of the employer of the assignor to the making thereof, is endorsed thereon: ..."

garnishment. *Western v. Hodgson,* 494 F.2d 379 (4th Cir. 1974).

In *Snodgrass v. Sisson's Mobile Home Sales, Inc.,* ____ W. Va. ____, 244 S.E.2d 321 (1978), we discussed at some length the background of W.Va. Code, 55-2-12, and its interrelationship with W.Va. Code, 55-7-8a, to demonstrate that these sections deal with tort actions, a conventional point that can be found in earlier cases. *Family Savings & Loan, Inc. v. Ciccarello,* ____ W. Va. ____, 207 S.E.2d 157 (1974); *Kisner v. Fiori,* 151 W. Va. 850, 157 S.E.2d 238 (1967); *Roderick v. Hough,* 146 W. Va. 741, 124 S.E.2d 703 (1961).

Here, a fair reading of plaintiffs' complaint demonstrates they are not proceeding on a tort theory. The basis of their cause of action is that the wage assignment is invalid under W.Va. Code, 21-5-3. Consequently, they claim their employer has withheld from them wages which should not have been withheld.

Clearly, in this aspect of the case, their claim rests on the implied employment contract. *Sansom v. Sansom,* 148 W. Va. 603, 137 S.E.2d 1 (1964); *Golden ex rel. Ensminger v. Salkeld Coal Co.,* 101 W. Va. 341, 132 S.E. 751 (1926); *Robinette v. Hubbard Coal Mining Co.,* 88 W. Va. 514, 107 S.E. 285 (1921); *Jackson v. Hough,* 38 W. Va. 236, 18 S.E. 575 (1893). The contract statute of limitations of five years for an express or implied contract is applicable. W.Va. Code, 55-2-6; *Sansom v. Sansom, supra;* 53 C.J.S. *Limitations of Actions* § 47.

In respect to the defendant, Lorado Super Market, Inc., plaintiffs' suit centers on the written assignment under which it is claimed that the defendant obtained more than the statute permits on a wage assignment. Both *Atkins v. Grey Eagle Coal Co.,* 76 W. Va. 27, 84 S.E. 906 (1915), and the later case of *Holliday v. Elkhorn-Piney Coal Mining Co.,* 102 W. Va. 147, 134 S.E. 736 (1926), dealt with earlier versions of the statute, which had provisions requiring employers who paid wages in scrip or tokens to redeem the same in lawful money. In each case, a merchant who had been paid by an employ-

ee with such scrip sought to collect lawful money for the same as an assignee. While there was no statute of limitations question raised, both cases implicitly recognized that the plaintiff was proceeding as an assignee on a matter arising out of the employment contract.

Here, the plaintiffs are seeking to recover from Lorado Super Market, Inc., an amount obtained on the wage assignment in excess of the 25 percent of their wages as allowed. Their claim obviously is bottomed on the written wage assignment. An assignment does not differ in its essential elements from any other contract. *Conservative Life Insurance Co. v. National Exchange Bank of Wheeling*, 118 W. Va. 44, 188 S.E. 755 (1936).

That the assignment was illegal under the statute does not preclude the plaintiffs from recovering on it, since they are a part of the class which the statute is designed to protect. 17 Am. Jur. 2d *Contracts* § 228; 6A *Corbin on Contracts* § 1540 (1962). This point is discussed at some length in *Enlow & Son v. Higgerson*, 201 Va. 780, 113 S.E.2d 855 (1960):

> "Nor is the plaintiffs' right to enforce the contract barred because they knew at the time of its execution that Enlow had not been licensed as required by the statute. As is aptly said in Corbin on Contracts, Vol. 6, § 1540, p. 1070:
>
>> " 'If a bargain is illegal, not because a performance promised under it is an illegal performance, but only because the party promising it is forbidden by statute or ordinance to do so, the prohibition is aimed at that party only and he is the only wrongdoer. The performance itself is not even *malum prohibitum*, much less is it *malum in se*. The other party, being himself subject to no prohibition or penalty, may even be one of the class of persons for whose protection the prohibitory statute was enacted.
>>
>> " 'In these cases the refusal of all remedy against a party to the illegal bargain would penalize the very persons for whose benefit

the making of such a bargain is prohibited or declared illegal. * * *'

"See also, Restatement of the Law, Contracts, Vol. 2, § 601, p. 1116; 12 Am.Jur., Contracts, §§ 217, 218, pp. 734-736; Pomeroy's Equity Jurisprudence, 5th Ed., Vol. 3, § 942-c, pp. 745, 747; Lewis & Queen v. N. M. Ball Sons, 48 Cal.2d 141, 308 P.2d 713, 720; Fergus County v. Osweiler, 107 Mont. 466, 86 P.2d 410, 120 A.L.R. 1457." [201 Va. at 786, 113 S.E.2d at 860]

The written assignment is an express contract upon which the wage assignment statute settled certain conditions, but this does not alter the fact that plaintiffs were suing on a contractual theory to recover the excess wages unlawfully collected.

The point that bears emphasizing is that the written assignment is an express contract and the plaintiffs were entitled to a five-year statute of limitations upon their claim that Lorado had violated the statutory limit. We do not assess the merits of the claim nor the amount of recovery. The trial court did not pass on anything but the statute of limitations and, for the reasons stated, it erred in not applying the five-year limitation as contained in W.Va. Code, 55-2-6.

The judgment in this case is therefore reversed and the case remanded.

*Reversed and remanded.*

NEELY, JUSTICE, *dissenting:*

I respectfully dissent from the majority opinion on two grounds: first, this is obviously a tort action and not a contract action; and, second, the plaintiffs did not plead or raise a contract cause of action below and, therefore, the issue is foreclosed in this Court.

The terms used throughout the complaint denote tort and not contract violations. The complaint alleges that Buffalo "knew or should have known" that the wage assignments were unlawful and "wrongfully withheld"

amounts owing to plaintiffs. The complaint is totally devoid of any language sounding in contract. Nowhere is the term "contract" used. Nowhere is there a reference to any "promise," "agreement," or "understanding." The closest the complaint comes to an allegation of a contract violation is the statement in paragraph eight that plaintiffs were "employed" by Buffalo. In the proceedings below no contract was alleged and no contract was proved. There is simply nothing in the record about a contract.

Even where a contract is alleged and proved, the contract statute of limitations is not applicable unless breach of contract is the real gravamen of a plaintiff's claim. In this case that is obviously not the situation. Suppose, for example, that A contracts with B to drive him to a given destination and B driving at an excessive rate of speed in violation of a statute, collides with another vehicle causing A to sustain serious personal injuries. In an action by A to recover damages for those injuries, can it be seriously argued that the contract statute and not the personal injury statute controls as to the period of limitations? We spoke to that exact problem in *Homes v. Monongahela Power Co.*, 136 W. Va. 877 at 884, 69 S.E.2d 131 at 136 (1952) where we said:

> "Where the transaction complained of had its origin in a contract which places the parties in such a relation that in attempting to perform the promised service the tort was committed, the breach of contract is not the gravamen of the action. The contract in such case is mere inducement, creating the state of things which furnishes the occasion of the tort, and in all such cases the remedy is an action *ex delicto,* and not an action *ex contractu.*"

In the instant case, it is clear that the gravamen of plaintiff's claim is the tortious withholding of property and not breach of contract.

I should raise one further issue which sheds some light on why the case was pled in tort. If this cause of action is predicated on contract, then are not the plain-

tiffs' damages limited to a contract measure? What is their damage? Did they owe the Lorado Super Market? If they did, then notwithstanding a tortious withholding of their wages, they have not, in contemplation of law, been damaged in contract as they were obliged to pay Lorado anyway. Surely they do not allege that they intended to defraud Lorado and are, therefore, damaged to the extent of the withheld wages. Unless Lorado's claims against them were fraudulent and the plaintiffs did not in fact buy the merchandise, then their damages are zero.[1] Perhaps this is why initially they pled their case in tort. All they have achieved by this appeal, unless they confuse the circuit court with the same aplumb with which they have confused the majority, is a cherry tree without any cherries on it.

---

[1] When an action sounds in contract, the complainant can recover only those damages which could reasonably and fairly be considered as arising from the breach of contract itself, *Kentucky Fried Chicken of Morgantown, Inc. v. Sellaro,* ___ W. Va. ___, 214 S.E.2d 823 (1975); or in other words, only the *actual* damages suffered flowing from the breach, *Hurxthal v. St. Lawrence Boom & Lumber Co.,* 53 W. Va. 87, 44 S.E. 520 (1903). The only reasonably foreseeable loss of plaintiffs in the present case is the amount of wages actually withheld, and if Lorado Super Market proves that the money withheld was due it to satisfy plaintiffs' debts, then plaintiffs have suffered no *actual* loss. Plaintiffs would be hard pressed to show that they were, in actuality, in any worse position after the breach than they were before the breach. On the other hand, if an action sounds in intentional tort, the complainant is entitled to have the jury consider not only the actual loss suffered but also mental anguish, insult, indignity, and humiliation, *Sprouse v. Clay Communications, Inc.,* ___ W. Va. ___, 211 S.E.2d 674 (1975). Therefore, if this is a case sounding in tort, complete erasure of plaintiffs' recovery by the debt owed Lorado would be much less likely.