## CIRCUIT COURT OF ARLINGTON COUNTY

Betsy C. Cooke

v.

VMI Financial Co.

March 2, 1989

Case No. (Law) 88-608

## By JUDGE PAUL F. SHERIDAN

It is alleged in the Motion for Judgment that Plaintiff was injured when she fell on a sidewalk outside of a building owned by Defendant on May 23, 1986, "because of a defective grating protruding from said sidewalk, which was itself in disrepair" (paragraph 2 Motion for Judgment).

Defendant has filed a timely Plea of the statute of limitations. At issue in this case is whether or not the date of injury should be included in the computation of time allowed by Virginia's statute of limitations for a personal injury suit.

Plaintiff relies on language from Michie's Jurisprudence, vol. 12A *Limitations of Actions*, section 23, page 242 (1978 Repl. Vol.), which cites a West Virginia case, *State v. Beasley*, 21 W. Va. 777 (1883), and from section 2, page 216, which also cites a West Virginia case, *Steeley v. Funkhouser*, 153 W. Va. 423, 169 S.E.2d 701 (1969). *Beasley* was a criminal case involving the sale of liquor without a state license. *Steeley* was a civil case to recover judgment on two demand notes. In each case, the issue of the statute of limitations and when the time began to run was called into question. In both cases, the respective courts excluded the first day of the cause of action but included the last. It is significant to note, however, that both decisions were based on applicable statutes

312

within West Virginia. Plaintiff also notes that Rule 6(a) of the Federal Rules of Civil Procedure does not include "[t]he day of the act, event, or default . . ." from when the time begins to run. While these authorities support Plaintiff's argument, they do not interpret or apply Virginia law. Code of Virginia Section 8.01-230 in pertinent part states, "In every action for which a limitation period is prescribed, the cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person . . ." Code of Virginia Section 8.01-243 provides that "every action for personal injuries . . . shall be brought within two years after the cause of action accrues."

Code of Virginia, Section 1-13.3 establishes that in computing time, "when a statute requires a notice to be given or any other act to be done within a certain time after any event . . . that time shall be allowed in addition to the day on which the event . . . occurred."

Here, Plaintiff's cause of action accrued May 23, 1986. Pursuant to Section 1-13.3, the two-year period started May 24, 1986, and ended May 23, 1988. The date suit was filed herein, May 24, 1988, is not "within two years" of the date of injury. Thus, the plea of the statute of limitations is sustained.